*In the matter of the Petition of* NEIL DONNELLY *and* MORRIS COTTER, *for a Writ of Habeas Corpus.*

1. MISDEMEANOR—*Trial, Not Preliminary Examination, When.* Where a party is arrested and brought before a justice of the peace, charged with the commission of a misdemeanor, of which the justice of the peace and the district court have concurrent original jurisdiction, the defendant has a right to demand a trial before the justice of the peace, and the state has no right to elect to treat the proceeding before the justice of the peace as a mere preliminary examination, and have the party committed for a final trial at the next term of the district court.

2. MISDEMEANORS, *Twenty or More; Cumulative Punishments.* And the foregoing is true, even where the defendant is charged in twenty or more different counts of the same complaint with the commission of twenty or more of such misdemeanors; and it is also true, even where the aggregate amount of the punishment as fixed by law for that number of such misdemeanors, if the separate punishments were added together, would far exceed the amount of punishment which a justice of the peace can legally impose upon any party for the commission of any single misdemeanor.

### Motion for Rehearing.

THE respondents filed a motion for a rehearing of the above case, which motion the court overruled at its session in September, 1883, and then filed the opinion, *infra.* The facts appear in *In re Donnelly, ante,* p. 191, *et seq.*

*Geo. J. Barker,* for respondents.

The opinion of the court was delivered by

VALENTINE, J.: In this case counsel representing respondents makes a motion for a rehearing, and in his brief he states, among other things, the following:

"Two questions of law are presented to the court in this proceeding: The first, has a justice of the peace authority or jurisdiction to hold a preliminary examination as to any crime of which he has jurisdiction to try? Justices of the peace have such jurisdiction as has been conferred upon them by statute. (See constitution, § 9, p. 57, Dassler's Comp. Laws of 1879.) Before 1869, justices of the peace had *exclusive* original jurisdiction, coëxtensive with their respective coun-

ties, in all cases of misdemeanor in which the fine could not exceed $500 and the imprisonment could not exceed one year. Afterward, the jurisdiction of justices was *extended*, so that at this time justices of the peace have '*concurrent* original jurisdiction with the district court, coëxtensive with their respective counties, in all cases of misdemeanor in which the fine cannot exceed $500 and the imprisonment cannot exceed one year.' (Laws of Kansas, 1869, ch. 61, § 1.) So that in proceedings of the kind mentioned, a justice of the peace was *equal* in jurisdiction with the district court.

"The amendment of 1869 applies to justices of the peace. It was intended to *extend* their jurisdiction, *not* the jurisdiction of the district court. Do we look to the provisions of the justices act to ascertain the jurisdiction of the district court? 'Justices of the peace shall have concurrent original jurisdiction with the district court,' not the district court shall have concurrent original jurisdiction with justices of the peace, the intention evidently being to make justices of the peace *equal* in power in misdemeanors with the district court. . . .

"The amendment to the justices act of 1869 did increase the power of justices in cases of misdemeanor, and made them *equal* in power to the district court."

The foregoing words in italic are italicized by us.

Now before the taking effect of said chapter 61 of the Laws of 1869, justices of the peace had the entire original jurisdiction of all cases of misdemeanor in which the fine could not exceed $500 and the imprisonment could not exceed one year—their original jurisdiction being *exclusive* in such cases—and district courts had no original jurisdiction in such cases, nor any jurisdiction therein, except appellate. Counsel for the respondents says, in effect, that the jurisdiction of district courts in such cases has not been *extended* by the taking effect of said chapter 61. He says that it was the jurisdiction of justices of the peace, and *not that of the district courts*, which was extended by said chapter. But he also says, in effect, that the jurisdiction of justices of the peace was *extended* from an *exclusive* original jurisdiction, up or down, as the case may be, to a *concurrent* original jurisdiction with district courts, and extended so as to make justices'

jurisdiction in such cases exactly *equal* with that of the district courts. Now as district courts prior to 1869 had no original jurisdiction in the cases above mentioned, and as their jurisdiction was not extended in 1869, or since, and as the jurisdiction of justices of the peace was "extended," or rather changed, only to the extent of making it "equal" with that of the district courts, it would seem to follow that the jurisdiction of justices of the peace, as well as that of the district courts, cannot now be very extensive. Indeed, it would seem to follow from the reasoning of counsel for the respondents, that no court in Kansas has original jurisdiction in that class of cases of misdemeanor in which the fine cannot exceed $500 and the imprisonment cannot exceed one year.

• It must be admitted that a strong argument may be made in favor of the proposition that the jurisdiction of the district court has not been extended by chapter 61 of the Laws of 1869, and consequently that the district courts have no original jurisdiction at this time in cases of misdemeanor where the fine cannot exceed $500 and the imprisonment cannot exceed one year; for it would seem, as counsel says, that no person should be expected "to look to the provisions of the justices act to ascertain the jurisdiction of the district court." Besides, see the title to said chapter 61, and also the title to the original act of which said chapter is amendatory; and also see, in the same connection, §16, art. 2, of the constitution, and the decisions of this court commenting upon this section of the constitution.

But if the jurisdiction of district courts has not been extended by the taking effect of said chapter 61 of the Laws of 1869, then district courts have no jurisdiction now to hear and determine cases of misdemeanor in which the fine cannot exceed $500 and the imprisonment cannot exceed one year, unless such cases are taken to the district court upon appeal from some inferior tribunal; for, as we have before stated, except for said chapter 61, the jurisdiction of the district courts in such cases of misdemeanor is only appellate, and

not original; and taking a case to the district court merely by virtue of a preliminary examination, is not conferring upon such court appellate jurisdiction; but if any jurisdiction is conferred upon the district court by such a procedure, it is original and not appellate. But we think it is not necessary to extend our remarks any further upon this question; but in closing we would state, that in our opinion, taking into consideration all the laws of Kansas with reference to the jurisdiction of district courts and of justices of the peace, justices of the peace and the district courts have precisely the same original jurisdiction, equal and concurrent, in all cases of misdemeanor where the fine cannot exceed $500 and the imprisonment cannot exceed one year; and that no preliminary examination can be had in such cases before justices of the peace for the purpose of taking the cases to the district courts, so that they may be tried originally in the district court.

The other and final question presented by counsel for the respondents, is as follows: In a criminal prosecution before a justice of the peace, "where the defendant is charged in different counts of the same complaint, with the commission of various misdemeanors of the same grade," and each of such misdemeanors, if considered separately, comes within the acknowledged jurisdiction of justices of the peace, but the accumulated penalties of all such misdemeanors, if taken in the aggregate and as one punishment, would far exceed the amount of punishment which a justice of the peace can legally impose upon any party for the commission of any single misdemeanor, can the justice of the peace in such a case, instead of trying the various misdemeanors charged, hold merely a preliminary examination, and send the case with all its charges to the district court for trial? On the original hearing of this case, this question was mentioned in the oral argument of counsel, but was not presented to the court by any brief. It is seldom that this court notices any question not presented to it by a brief. It is now presented by a brief, and we shall answer the question.

If the case of *The People, ex rel., Tweed v. Liscomb*, 60 N. Y.

559, is a correct exposition of the law, and applicable to trials in cases of misdemeanor in Kansas, then this question must be answered in the negative; for in that case it was held that a cumulative sentence imposing a punishment exceeding in the aggregate the maximum punishment prescribed by statute, for any single offense of the character charged in the complaint, was illegal and void to the extent of the excess over and above such maximum punishment; and that case was carefully considered and decided by a very able court. But suppose that this decision is all wrong, as counsel for the respondents claims; suppose that in the absence of any question of jurisdiction a defendant may rightfully be prosecuted on one complaint, and in one suit, for the commission of any number of misdemeanors, twenty or more, and be convicted and sentenced for the commission of each and all of them, for the full amount of the punishment that may be imposed upon him for the commission of each and all of them, provided they had all been prosecuted separately and in separate actions: then will it follow, considering the question of jurisdiction as in the case, that a justice of the peace upon a like complaint, and in a like suit, and upon a like conviction, cannot impose the full amount of punishment prescribed by law for the commission of each of such misdemeanors, where this supposed want of jurisdiction is for no other reason than that the aggregate amount of the punishment as thus imposed exceeds the amount of the punishment which a justice of the peace is allowed by law to impose upon any person for the commission of any single misdemeanor? In other words, will the consolidation of prosecutions for misdemeanors oust justices of the peace of their jurisdiction to hear and determine such cases, when justices of the peace have by law an undoubted jurisdiction to hear and determine such cases in all cases where a separate action is instituted for the purpose of prosecuting each separate case of misdemeanor?

Why should justices of the peace be thus ousted of their jurisdiction under such circumstances? No adjudicated case has been presented to us that warrants it; and we think that

no such adjudicated case can be found. If a justice of the peace may punish a party for the commission of a single misdemeanor, where the prosecution is for that misdemeanor alone, why may he not punish the party for the commission of such misdemeanor, although other like misdemeanors, within the jurisdiction of the justice of the peace, are united with it in the same prosecution? And if any court is allowed to try various misdemeanors at the same time and upon the same complaint, and punish for each of such misdemeanors, why may not justices of the peace do the same thing? Punishments for different offenses are never aggregated, so as to make merely one single and entire punishment out of them; but on the contrary, they are always imposed separately, and for each separate offense. And certainly to fix the punishment for each separate offense, for each of twenty or more separate and distinct misdemeanors, where they have all been tried together and upon one complaint, does not constitute a greater stretch of jurisdiction than to fix the punishment for each of such separate misdemeanors, where they have all been tried separately and upon separate complaints. The punishment is no greater, either in the aggregate or for each separate misdemeanor, in the former case than it is in the latter case; and it is conceded that justices of the peace have ample jurisdiction in the latter case. Certainly the act of consolidating the prosecutions for various misdemeanors into one action does not lift up any one of such misdemeanors to be a felony, nor does it even increase the punishment for any one of them. And no consolidation of distinct offenses can ever transform such offenses into one single consolidated offense for which a single aggregated punishment may be inflicted; but each offense will always preserve its own individual identity and its own distinctive characteristics. Besides, how can a justice of the peace know, before he hears the evidence, that the defendant has committed more than one offense? Defendants in criminal cases are always presumed to be innocent until the contrary appears; and if it should appear from the evidence, that the defendant was guilty of the

commission of only one misdemeanor of the class which we have been considering, then the justice would have the unquestioned jurisdiction to hear and determine the same. And it must also be remembered that, except for the taking effect of chapter 61 of the Laws of 1869, district courts would not have any original jurisdiction in that class of misdemeanors which we are now considering; and that by such act justices of the peace have equal and concurrent original jurisdiction with district courts. Therefore, if it be argued that justices of the peace have no original jurisdiction to try and determine several misdemeanors at the same time and upon the same complaint, the argument will prove too much — it will prove that the district courts do not possess any such jurisdiction; for, as before stated, the original jurisdiction of justices of the peace and of the district courts in this class of misdemeanors is equal and concurrent; and if justices of the peace cannot try several misdemeanors, aggregated in the manner aforesaid, then why send them on preliminary examination to the district courts to be so tried?

The motion for the rehearing will be overruled.

HORTON, C. J., concurring.

BREWER, J.: I am unable to concur with my associates in the opinion by them filed, and shall state briefly the grounds of my dissent.

It is conceded that the district court has concurrent jurisdiction with justices of the peace of the offense charged against the petitioners, and that the state has a right to elect in which tribunal it will prosecute. It is a general truth that where two tribunals have concurrent jurisdiction, the plaintiff may elect in which he will prosecute, and choose for himself any mode of proceeding authorized by law, statute or common. In neither civil nor criminal cases is the tribunal or form of action selected by the defendant; nor in case one tribunal has jurisdiction and one form of action is authorized, can the defendant object on the ground that another tribunal has also jurisdiction, and that in a different form of action the litiga-

tion may be determined with less expense and in a shorter time. This, which is a general truth applicable to all actions, ought to be especially enforced where the state is the plaintiff and the action a criminal one. The state ought not to be hampered; it should have the privilege of going before any tribunal which has jurisdiction, and resorting to any mode of procedure which is authorized by statute. Now we have a code of criminal procedure. That code purports and was intended to regulate criminal proceedings, and, unless limited and restricted by the plain language of other statutes, it should be held applicable to all criminal prosecutions. Section 66 of that code provides that "Offenses may be prosecuted in the court having jurisdiction, either by indictment or information, as hereinafter provided." Now the district court, having jurisdiction of the offense charged, as is conceded by counsel and has been decided by this court in the case of *The State v. Watson,* ante, p. 281, this offense may be prosecuted in the district court by indictment or information. Section 69, as it appears in Dassler's compilation, 1879, reads: "That no information shall be filed against any person for any *offense* until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer." Relying on this language, we said, in the case of *The State v. Granville,* 26 Kas. 161, that "the district court has jurisdiction concurrently with justices of the peace in cases of misdemeanor; and even in such cases a preliminary examination is proper if not necessary to a trial in the district court." The argument seemed then unanswerable that, if the district court had jurisdiction, that a prosecution might be by information, and that no information could be filed without a preliminary examination. A preliminary examination was proper, if not necessary, for a trial in the district court. It seems there is a mistake in the printing of § 69 in the compilation. It should read, "that no information shall be filed against any person for any *felony;*" the word "offense," having been by mistake substituted for "felony." This of course breaks the force of

that argument, and yet I am still constrained to think that a preliminary examination before a justice of the peace in cases of misdemeanor is authorized. By the code of criminal procedure, §§ 2 and 3, all violations of law for which punishment is prescribed are defined as public offenses, and divided into the two classes of felonies and misdemeanors. Article 5 of that code provides for the arrest and examination of offenders. It authorizes the filing of a complaint before certain magistrates, the arrest of the party, his examination before the magistrate, and his commitment for trial at the court where he is to be tried. ˙This article does not speak of felonies alone, but uses the general term "offenses." It does not commit such examinations to justices of the peace alone, but names specifically mayors, police magistrates, judges of the district and supreme courts. The fact that examinations may be had before other than justices of the peace is also recognized by § 69. Supposing a complaint for a misdemeanor were filed before a judge of the district court: can he hear the complaint? and if so, what must he do? He certainly has no power of final trial. The statute authorizes the filing of a complaint before him, and I know of no reason why he may not entertain jurisdiction; but his jurisdiction would be limited to a preliminary examination and binding the defendant over for trial at his court. The same jurisdiction in the matter of preliminary examination, and by the same section of the statute, is given to justices of the peace. Does the fact that they also have jurisdiction to try, oust them of jurisdiction to examine? I cannot see the logic of that argument; nor can I see why, when the same section grants jurisdiction in preliminary examinations to judges of the district court and justices of the peace—and a defendant brought before the former must submit to a preliminary examination— he can, when brought before the latter, compel the justice to give up his jurisdiction in the matter of preliminary examination and assume jurisdiction to try. It must be remembered, as I have already stated, that this code of criminal procedure is the

general code.  It is devoted specifically to matters of procedure, and therefore in matters of procedure should overpower any mere implications or inferences drawn from the language of other statutes.  The same argument by which the jurisdiction of district courts in misdemeanors, is sustainable — that is, the continuous and specially controlling operation of the statute concerning district courts in all cases not at the time specifically excepted therefrom — seems to me sustains the jurisdiction of justices of the peace in matters of preliminary examination for misdemeanor.  This code of criminal procedure is continuous, and controlling in all cases in which at the time there is no special statutory, exception. Its language is general, and it is to be given a general application.  For these reasons, briefly expressed, I am compelled to dissent from the conclusion reached by my associates.