## THE STATE OF KANSAS v. MICHAEL CRIMMINS.

1. JOINDER OF OFFENSES; *Election; Discretion of Court.* Where, for the purpose of proving the charge made in a single count in a criminal information, evidence is introduced tending to prove several separate and distinct offenses, it is the duty of the court, upon motion of the defendant, to require the prosecutor to elect upon which transaction he will rely for conviction; but the court may exercise some discretion with regard to the definiteness of the election. Therefore, on a prosecution for selling intoxicating liquors in violation of law, where evidence was introduced tending to prove several separate and distinct offenses, and where the court, on motion of the defendant, required the state to elect upon which transaction it would rely for conviction, and the state elected to rely upon a sale of whisky made by the defendant to one D.; and the evidence of D. tended to show that several sales of both whisky and beer were made by the defendant to the witness, at the defendant's place of business, in November or December, 1882; and the defendant's place of business was definitely shown by the evidence, but the time of the sales was not any more definitely shown than as above stated; and the defendant moved the court to require the state to make the election more definite and certain; and the court overruled the motion: *Held,* Not error.

2. OFFENSE, *Not Barred.* The evidence discussed, and *held,* that it sufficiently appeared that the offense was not barred by the statute of limitations, although the witness testifying with regard to the offense did not state in express terms the year when the offense was committed.

*Appeal from Wyandotte District Court.*

TWO INFORMATIONS, one against *Michael Crimmins,* and the other against *Charles Hahn.* In each thereof the defendant was charged with selling intoxicating liquors without a permit. Trial at the April Term, 1883, when each defendant was found guilty and fined $100, and adjudged to pay the costs of the action, and be committed to the jail of Wyandotte county until both the fine and costs are paid. Defendants appeal. The opinion states the facts.

*Byron Sherry,* and *Wm. S. Carroll,* for appellants.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This opinion is intended to apply to two different cases: The State of Kansas *v.* Michael Crimmins, and The State of Kansas *v.* Charles Hahn. In each of these cases the defendant was charged with selling intoxicating liquors without a permit, and was found guilty and fined $100, and adjudged to pay the costs of the suit. The information in each of these cases contained five counts; each of which counts charged the same kind of offense, and charged the same in the same form and substantially in the same language. As to the joinder of counts, see the case of *The State v. Chandler*, ante, p. 201. The county attorney elected to prosecute each defendant under the fifth count of the information in each case respectively. The count under which Crimmins was prosecuted reads as follows:

"And the said Henry L. Alden, as county attorney in and for the county of Wyandotte, in the state of Kansas, prosecuting for and in behalf of said state, within the county of Wyandotte, in the name and by the authority and on behalf of the said state of Kansas, now here in and to the district court of said county of Wyandotte and state of Kansas, further information gives, that Michael Crimmins, at said county of Wyandotte, state of Kansas, within the jurisdiction of this court, on or about the first day of March, 1883, at and in a certain one-story frame building, situate and being on lot number one hundred and seventy-five (175) on James street, in Kansas City, Kansas, according to the plat of said city on file and recorded in the office of the register of deeds for said county, without taking out and having a permit to sell intoxicating liquors, as provided by the statutes in such case made and provided, did unlawfully sell and barter certain spirituous, malt, vinous, fermented and other intoxicating liquors, contrary to the statute in such case made and provided."

We think this count is sufficient. (*The State v. Schweiter*, 27 Kas. 499; *The State v. Shackle*, 29 id. 351; *The State v. Hunt*, 29 id. 762.)

The count under which Hahn was prosecuted is substantially in the same form as the count under which Crimmins

was prosecuted. Each defendant was properly arraigned, each pleaded not guilty, each was tried separately before the court and a jury, in each case several witnesses testified with respect to several sales of different kinds of intoxicating liquors made by the defendant in each case respectively to different persons at different times, and each defendant was found guilty as aforesaid. In the Crimmins case, after all the evidence on the part of the state was introduced, the defendant moved the court to require that the state elect upon which transaction under the evidence it would rely for a conviction, and the court sustained the motion; and the state then elected in the following manner, to wit:

"The state, by its county attorney, elects to rely for a conviction in this action upon a sale of intoxicating liquor, to wit, whisky, or what is commonly known as whisky, by said defendant made to one George Durham, as shown by the evidence herein.

"The defendant then moved the court to require the state to make its election more definite and certain, in this, that the state be required to elect a specific sale among the alleged sales to George Durham, giving the day, month, etc., so as to make it a separate and single transaction; which motion the court overruled, and defendant then and there excepted. And thereupon defendant moved the court that he be discharged, for the reason that the state had made no such election of a single transaction of the sale of intoxicating liquors, as is provided by law to put the defendant on his defense; which motion the court overruled; to which ruling of the court the defendant then and there excepted, and declined to enter upon any defense."

The said George Durham testified on the trial as follows:

"I live in Kansas City, Kansas; have known Michael Crimmins over a year, and have been acquainted with him over one year; his place of business is 175 James street, Kansas City, Kansas; have been acquainted with that place since it was a place; have been in that bar, but not lately — over four months ago; those are the premises I know to be his place of business; I saw bar-room furniture, consisting of counter, chairs; I saw bottles, glasses on and behind the counter; I bought whisky there; cannot state the time I

bought whisky of Mr. Crimmins; paid him ten cents per drink for it; it was in November I bought whisky there — once or twice of Mr. Crimmins, the defendant; bought lager beer there; I bought beer of the bar-keeper; I think when I bought whisky of Crimmins it was in November, when I paid him ten cents per drink."

( *Cross-examined.*) "I belonged to the temperance reform club about four months. Have not attended their meetings for two months. I thought I might be subpenaed. It was talked of; I think it was in November. Cannot be certain whether it was in November or December. Cannot state how many times I bought whisky at that house. Cannot state any particular time. I noticed the number. Think I bought whisky twice—in November I think it was. I will not say I drank liquor more than twice. Don't know the time of day I took the first or second drink. It was before going to work. I don't know the time. I think I got the beer of the man called Toots. I got beer there near the same time. Cannot say how many times I got beer there. I had not drank whisky but a few times. I never knew but the two carrying on business there. I don't know; it would be difficult to tell who waited on me at all times. The time Crimmins waited on me was the last. I swear positively Crimmins gave me whisky there. The bar-keeper waited on me once. I had been indulging in beer a couple of days before I took the whisky. I think I cannot be mistaken. Have not examined the number for the purpose of testifying. I never told anybody I got beer and whisky at this place."

In the Hahn case, the questions with respect to election are substantially the same as in the Crimmins case.

We suppose that upon a criminal trial, where the state has offered evidence tending to prove several distinct and substantive offenses, it is the duty of the court, upon the motion of the defendant, to require the prosecutor, before the defendant is put upon his defense, to elect upon which particular transaction the prosecutor will rely for a conviction. ( *The State v. Schweiter*, 27 Kas. 500, 512.) Any other rule would often work injustice and hardship to the defendant. If any other rule were adopted, the defendant might be charged with the commission of one offense, tried for fifty, compelled to make

defense to all, be found guilty of an offense for which he had made no preparation and had scarcely thought of, and found guilty of an offense which was really not intended to be charged against him; and in the end, when found guilty, he might not have the slightest idea as to which of the offenses he was found guilty. Also, if evidence was introduced tending to prove twelve or more different offenses, the jury might find him guilty without any two of the jurors agreeing that he was guilty of any particular one of such offenses. One juror might believe that he was guilty of one offense, another juror of another, and so on with respect to all the jurors and all the offenses, each juror believing that the defendant was guilty of some one of the offenses which the evidence possibly tended to prove, but no two jurors agreeing that he was guilty of the same identical offense. But while the prosecutor is required to elect in such cases, he is required to elect only in furtherance of justice; and the rule is never carried to the extent of working injustice. A court in such cases has some discretion; and it should exercise that discretion in the interest of justice.

In the present case, the court required the prosecutor to elect, and the prosecutor did elect; but he failed to make the election as definite and certain as the defendant desired. In each case, the election was to rely for a conviction upon a sale of whisky: in one case made by the defendant to George Durham, and in the other case made by the defendant to William Thornton. In each case, the only thing indefinite or uncertain was the date of the sale; but the prosecutor could not have made the election much more definite in this particular, for the evidence itself was not as definite as it ought to have been. The defendant in each case was informed by the information, the evidence and the election, taken together with respect to the person to whom the liquor was sold, the place where sold, the time when sold, though the time was not fixed very definitely, and that the liquor claimed to have been sold was whisky; and in both cases the defendants were undoubtedly guilty. In one case it appears that the sale was

made in November or December, 1882, and in the other case in August, 1882.

We think the election of the county attorney, under the circumstances of the present case, was sufficient. The election was about as definite and certain as it could well have been made under the circumstances. The different sales were not well defined, or designated by the evidence, and could not well have been described more particularly than they were described by the county attorney when he made the election, and to have required the county attorney to make his election as definite and certain as the defendant in each case desired, would have resulted in the discharge of both the defendants, although they were each unquestionably guilty, and each guilty of several offenses, instead of merely one. Such a result should not be brought about if it could well be avoided. Besides, we do not think that there was any room in the present case for the jury to find either of the defendants guilty unless all the jurors agreed that such defendant was guilty of the same identical offense, or the same identical offenses. And the verdict and sentence in each of the present cases will bar all further prosecution for all offenses covered by the election of the county attorney in each case respectively. That a court may exercise some discretion in requiring elections to be made in such cases as the present, see the following authorities: *The State v. Smith,* 22 Vt. 75; *The State v. Croteau,* 23 id. 14; *The State v. Bell,* 27 Md. 675; *The Commonwealth v. O'Connor,* 107 Mass. 219. (See also other cases cited in the brief of counsel for the state, as follows: *Murphy v. The State,* 9 Lea, 373; *The State v. Sims,* 3 Strobh. 137; *The State v. Hood,* 51 Me. 363; *The Commonwealth v. Sullivan,* 104 Mass. 552; *George v. The State,* 39 Miss. 570; *The State v. Green,* 66 Mo. 632; *The State v. Tuller,* 34 Conn. 280.)

We think no material error was committed by the court in instructing the jury.

In the Crimmins case, the defendant claims that the verdict

was not sustained by sufficient evidence; and the only ground upon which this claim is made is that the evidence did not show the year when the liquors were sold; and therefore that the evidence did not show that the offense was not barred by the statute of limitations. Under the statute of limitations, the period within which such actions must be commenced is two years. The present case was commenced March 24, 1883, and the trial was had April 18, 1883. The witness Durham testified that the liquors were sold in November or December, evidently meaning the next preceding November or December; or, in other words, November or December, 1882. But even if it had been in November or December, 1881, the action would not have been barred by any statute of limitations. Durham also testified that he had known the defendant over a year, and that he had been acquainted with him over a year. Now if Durham had in fact known the defendant over two years, he would not have used any such language as he did use; and if he had known him less than two years, then the action could not have been barred by the statute of limitations. Durham also testified that the liquors were purchased at the defendant's place of business, 175 James street, Kansas City, Kansas; that he had been at the defendant's place of business, "but not lately—over four months ago;" that he had belonged to a temperance organization for about four months; and that at the different times when he was at the defendant's place of business, either the defendant or the barkeeper waited upon him; and that the time when the defendant waited on him was the last. All the testimony of the witness upon the subject tended to show that he purchased the liquors of the defendant in November or December, 1882 —probably in both months—and there was no evidence in this case tending to show that the defendant had been doing business at his then place of business for more than two years. Hence there is but very little room to suppose that the statute of limitations could have so operated as to bar the present action; and no such claim was urged by the defendant before

the court or jury in the court below.   We think the evidence was sufficient.

The judgment of the court below will be affirmed.

All the Justices concurring.