## P. B. KING *v.* THE STATE.

1. SALE OF LIQUORS. *Local act for district No. 1, Copiah county, construed. Indictment.*

    Under the act of the legislature approved February 29, 1888, entitled "An act to prohibit the sale of intoxicating liquors in supervisor's district No. 1, Copiah county, state of Mississippi," it is unnecessary for an indictment to aver that a sale was made in a "public place," or "for the purpose of inducing trade." These terms apply only to giving away.

2. CRIMINAL LAW. *Evidence of distinct offenses under one indictment. Prosecution must elect.*

    Where there are several offenses, for either of which the accused may be convicted under the indictment, the prosecution should elect the offense which it will pursue, and the testimony should be confined to that offense, unless the case falls within some of the exceptions which render the proof of other distinct offenses admissible.

3. CRIMINAL PRACTICE. *Proof of several offenses. When prosecution should elect.*

    Justice is best promoted by allowing the prosecution to proceed only far enough to identify one distinct offense, and the evidence should then be restricted to that offense.

4. CRIMINAL INTENT. *When immaterial.*

    When an act is prohibited by law without reference to the intent or purpose with which it is done, the doing of the act is a violation of the law. The intent is immaterial.

5. SALE OF LIQUORS. *Knowledge by seller of intoxicating properties not material, when.*

    When the statute makes the selling of intoxicating liquor unlawful, a seller thereof is not protected by his ignorance of the fact that it is intoxicating or his belief to the contrary.

6. SAME. *Unlawful sale, how proven. Prima facie case.*

    Proof of the sale by the defendant, and that the liquor was intoxicating, makes a *prima facie* case against him, and devolves on him the burden of showing that the liquor was a medicine and not a beverage.

7. UNLAWFUL SALE.  *What are deemed intoxicating liquors.*

    The laws cannot be evaded by selling as a beverage intoxicating liquor containing drugs, bark, or other ingredients that have medicinal qualities; but if these ingredients are medicinal, and the alcohol is used either as a necessary preservative or vehicle for them, and they are sold as a medicine, the sale is lawful.  The use to which the compound is ordinarily put, the purposes for which it is usually bought, and its effects on the system are material matters determining the character of the sale.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

The appellant was indicted under a local act of the legislature approved February 29, 1889, entitled, "An act to prohibit the sale of intoxicating liquors in supervisor's district, number one, Copiah county, Mississippi." Section one of that act is as follows: "That hereafter it shall be unlawful for any person to sell or give away in any public place, or for the purpose of inducing trade, any intoxicating or malt liquors, or any kind of bitters, in any quantity whatever, in supervisor's district, number one, Copiah county."

The indictment averred that appellant sold spirituous and intoxicating liquors, without any legal authority, but it did not state that the sale was in a public place or for the purpose of inducing trade. The defendent moved to quash the indictment because of this omission, but the motion was overruled.

The defendant then pleaded not guilty, and upon the trial the district attorney introduced evidence of three distinct sales of a compound, labeled " pine apple balm."

The sales were at different times and to different persons. After proving that the liquor was used as a beverage and was intoxicating, the state rested. Thereupon the defendant moved the court to require the district attorney to elect which sale testified to by the witnesses he would rely on for a conviction. This motion was overruled.

The defendant then testified in his own behalf that he sold the " pine apple balm " in good faith as a medicine, and not as a subterfuge for intoxicating liquor, and was not aware that it was a violation of the law.

The court instructed the jury in behalf of the state that " if they

believed from the evidence beyond all reasonable doubt that King sold the pine apple balm, and that it is intoxicating if drunk in sufficient quantities, then the jury ought to convict King, whether King knew it was intoxicating or not."

The defendant asked for these instructions which were refused:

1. "If the defendant sold the pine apple balm in good faith as a medicine and not as a spirituous or intoxicating beverage, they should acquit, notwithstanding the fact that it contained spirituous liquour sufficient to intoxicate."

2. "The court instructs the jury that unless they believe from the evidence, beyond a reasonable doubt, that King willfully sold intoxicating liquors they must acquit."

The defendant was convicted and sentenced to imprisonment in the county jail for sixty days and to pay a fine of twenty-five dollars, and from this judgment he appeals and assigns for error the action of the court on the above instructions, and its refusal to require the prosecution to elect the offense for which it would ask a conviction.

*H. C. Conn*, for appellant.

The circuit court held in its ruling that the words "in a public place," and "for the purpose of inducing trade," referred only to giving away; not to selling. This conclusion is reached only by taking for granted that the law must be what its title seems to indicate the intention to be. But the title is no part of the statute and cannot be used to extend or restrain any of its provisions. Bish. Stat. Cr., §§ 45, 46 ; *People* v. *McCann*, 16 N. Y. 58.

There is nothing ambiguous about the statute, nor is there reason to strain it so as to make all its parts harmonize. In fact it is entirely grammatical and consistent with itself and the laws of the state, easy to be understood, and capable of being enforced. It was already a violation of law to sell liquor in Copiah county, and if presumptions are to be indulged we would not presume that the legislature meant simply to re-enact the existing law. The obvious meaning was to make it more penal to sell in a public place. The legislative intent must be found in the act itself. Bish. Stat. Cr., §§ 81, 82.

The court erred in not requiring the prosecution to elect which offense it would pursue. Roscoe Crim. Ev. 216 ; *Lebkovitz* v. *State*, 14 N. E. Rep. 363 ; Whart. Cr. Ev., § 104.

The action of the court on the instructions was erroneous. By them the court makes the mere fact that a liquor or medicine sold by a druggist will, if drunk in sufficient quantities, produce intoxication, sufficient in any case, leaving out the good faith and honest intention of the druggist.

Perhaps a majority of the liquid medicines sold in drug stores contain alcohol or liquid that will intoxicate if drunk in sufficient quantities. This court, in *King* v. *The State*, 58 Miss. 740, laid down a more reasonable rule, and the main instruction asked and refused in this case is taken from that opinion. It should have been given.

*T. M. Miller*, attorney-general, for the state.

1. The indictment was sufficient. The act of 1888, when read in the light of the known policy of the state as declared in all the legislation on the subject of the liquor traffic, with reference to the former law and the mischief, will make it evident to the court that its intent was to make unlawful all sales under any circumstances punishable. The words " public place " and " for the purpose of inducing trade " relate to the giving away.

2. There was no error in allowing proof of more than one sale, and in refusing to require the state to elect. It is immaterial to whom the sale was made, or how many sales were made, and since the conviction would preclude a further prosecution for any of the sales given in evidence (as held in *Bowman* v. *The State*, 57 Ind. 76), no good reason can be perceived against the introduction of such evidence, or for requiring the district attorney to elect. *Pearce* v. *The State*, 40 Ala. 724; 1 Whart. Cr. Law, § 635. It was permissible to prove that the defendant was a common seller. "In view of the fact that the offense is not, like assault and battery, directed against the individual, but, like *nuisance,* is directed against the community, we may reconcile ourselves to the more convenient practice of omitting the vendee in all cases where the statute forbids sales irrespective of persons." 2 Whart. Cr. Law, § 2447.

3. The combined proof is that the liquor was sold as a beverage. If pine apple balm is a medicine, the fact does not appear in evidence. The good faith and intent of the defendant were immaterial. The fact of selling is enough under a law of this kind.

4. There was no error in reference to the instructions. If this intoxicant were a genuine medicine, preserved in spirits, and was sold with due caution, it would be open to inquiry whether in a statute like this there is an exception implied in favor of such sales. 2 Whart. Cr. Law, §§ 2441, 2442 ; Bish. Stat. Cr., § 1020. I submit there is no prejudicial error in this case.

Arnold, C. J., delivered the opinion of the court.

The indictment is sufficient. It was not necessary to allege in it, that the sale was made in a public place, or for the purpose of inducing trade.

Manifestly, the act of 1888, on which the indictment was framed, prohibits selling, whether in a public or private place, and without reference to the purpose for which the sale may be made. The terms " public place," and " inducing trade," used in the statute, apply to giving away, and not to selling.

After the state had proved distinctly, one unlawful sale, it was error to admit testimony of other and different sales. The general rule is, that the issue on a criminal trial, shall be single, and that the testimony must be confined to the issue, and that on the trial of a person for one offense, the prosecution cannot aid the proof against him, by showing that he committed other offenses. Whart. Cr. Ev., § 104; 1 Bish. Cr. Pro., § 1120 *et seq.* The reason and justice of the rule is apparent, and its observance is necessary to prevent injustice and oppression in criminal prosecutions. Such evidence tends to divert the minds of the jury from the true issue, and to prejudice and mislead them, and while the accused may be able to meet a specific charge, he cannot be prepared to defend against all other charges that may be brought against him.

" To permit such evidence," says Bishop, " would be to put a man's whole life in issue on a charge of a single wrongful act, and

crush him by irrelevant matter, which he could not be prepared to meet." 1 Bish. Cr. Pro., § 1124.

There are exceptions to the rule which has been stated—such as where the offense charged and that offered to be proved, are so connected as to constitute but one transaction, or where it is necessary to identify the offender, or where it is material to prove motive, and there is apparent relation or connection between the act proposed to be proved and that charged, or where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge, and the like—but none of these exceptions apply here. 1 Bish. Cr. Pro., §§ 1124–1129 ; *Gassenheimer* v. *The State*, 52 Ala. 313 ; *The State* v. *Crimmins*, 31 Kan. 376 ; *Lebovitz* v. *The State*, 113 Ind. 26, and authorities there cited.

Where there are several offenses, for either one of which the accused may be convicted under the indictment, the prosecution should elect the offense which it will pursue, and the testimony should be confined to that offense, unless the case is within some of the exceptions, which render the proof of other distinct offenses admissible. After one offense is proved, the prosecution should not have liberty of the wind, to blow where it listeth. The authorities are not harmonious as to when the prosecution will be required to make election in such case, or as to how long a prosecuting officer will be permitted " to fish with his witnesses for evidence " before selecting the offense for which he will ask conviction ; but it is believed that justice is best promoted by allowing the testimony for the prosecution to go far enough to identify and show one distinct offense, and when this is done, to restrict the evidence to that offense. 1 Bish. Cr. Pro., § 462 ; Whart. Cr. Ev., § 104.

The suggestion that appellant's conviction of either of the sales given in evidence in this case, would operate as a bar against his being subsequently prosecuted for the others, does not meet the objection made by him. He is not now looking out for barriers against other prosecutions, but is complaining of injustice being done in his present conviction. He claims that he ought not to

have been convicted at all, and if his conviction has been reached by improper methods, it is no answer to say to him, that if his conviction is allowed to stand, he cannot be convicted of the other sales.

How would this view satisfy the requirements of the statute? The statute contemplates that every violation of its provisions, shall be punished, but if on a charge of a single illegal sale there is evidence of numerous distinct unlawful sales, for only one of which the defendant can be convicted on that trial, and the conviction in the single case is a bar to prosecution for the rest, no greater penalty would be incurred for many sales, than for a single sale, and the purpose of the statute, by such administration, would be to a great extent, defeated. Such result was never intended by the statute.

But what is of greater consequence to a defendant charged with a single offense, against whom evidence of numerous and different offenses has been admitted, is that, while he is entitled to have the concurring judgment of twelve men against him before he can be lawfully pronounced guilty of the offense with which he is charged, he may in such case be convicted by a divided jury, or by a jury, no two members of which agree that he is guilty of the same offense. If there is evidence of two separate offenses, and the jury may convict of either, six of the jury may believe that the accused is guilty of the first, and not of the second, while the other six may believe that he is guilty of the second offense, and not of the first. The result would be that all the jury would agree that he was guilty, without agreeing on the offense of which he was guilty.

And if instead of testimony being produced to establish two distinct offenses, it shows twelve, it is possible, that one juror might be convinced that the defendant was guilty of some particular one of the offenses, and of none other, and thus each juror might be convinced that he was guilty of some particular one of the offenses, and all agree to a conviction, and yet no two jurors be agreed upon any one offense.

This is one of the grounds upon which the supreme court of Indiana, in *Lebovitz* v. *The State*, 113 Ind. 26, and the supreme court of

Kansas, in *The State* v. *Crimmins*, 31 Kan. 376, condemned the practice of allowing proof of different offenses to be made against a person charged with a single offense.

The instructions asked for by appellant and refused, were properly refused.    If the " Pine Apple Balm " was intoxicating, ignorance of this quality, or the belief of appellant to the contrary, was no defense.    He was bound, at his peril, to ascertain and know the nature of the article he sold.    When an act is prohibited by law, without reference to the intent or purpose with which it is done, doing the act is a violation of the law.    *Com.* v. *Farren*, 9 Allen 490 ; *Com.* v. *Boynton*, 2 Ib. 160 ; *Knight* v. *The State*, 64 Miss. 802 ; 2 Whart. Cr. L., §§ 2440, 2442.

It is true, as said in *King* v. *The State*, 58 Miss. 937, that " one authorized to sell medicine ought not to be held guilty of violating the laws relative to retailing, because the purchaser of a medicine containing alcohol misuses it and becomes intoxicated ; but, on the other hand, these laws cannot be evaded by selling as a beverage intoxicating liquors containing drugs, bark, or seed which have medicinal qualities.    The use to which the compound is ordinarily put, the purposes for which it is usually bought, and its effects upon the system, are material facts from which may be inferred the intention of the seller.    If the other ingredients are medicinal, and the alcohol is used either as a necessary preservative or article for them —if from all the facts and circumstances it appears that the sale is of the other ingredients as a medicine, and not of the liquor as a beverage—the seller is protected ; but, if the drugs or roots are mere pretenses of medicine, shadows and devices under which an illegal traffic is to be conducted, they will be but shadows when interposed for prevention from criminal prosecution."

Proof of the sale, and that the article sold was intoxicating, made a *prima facie* case against appellant, and it then devolved on him to show that it was a medicine and not liquor.

*For the error of admitting evidence of more than one illegal sale, the judgment is reversed and the cause remanded.*