## THE STATE OF KANSAS v. GEORGE SAXTON.
### No. 85.

1. PROHIBITORY-LIQUOR LAW —*Jurisdiction of Justice.* A justice of the peace of the proper county has jurisdiction to hear and determine an action brought under section 392 of the crimes act, to abate a common nuisance as therein defined, and to punish the owner or keeper thereof.

2. ———— *Complaint—Time.* Where, from the entire statement made in a complaint filed before a justice of the peace, the day and year upon which the offense is alleged to have been committed can be collected, the complaint is good, though such date be not expressly averred.

3. ———— *Trial—Sufficient Election.* Where, upon the trial of a criminal action in which the defendant is charged in separate counts with the sale of intoxicating liquors in violation of law, the state is required to elect upon which sale it will rely for a conviction under each count, and elects to rely under one count uopn a

sale of two glasses of whisky made by the defendant to one W.,
for which W. paid defendant 20 cents, and under the other count
upon a sale of one glass of whisky and one bottle of beer made by
the defendant to C., for which C. paid the defendant 25 cents, and
where the evidence shows that but one sale of the kinds indicated
was made to said W. and C., and further fixes definitely the date
of each of such sales, *held*, that the election was sufficiently defi-
nite and certain under each count.

4. —— *Sufficient Instruction*. The instructions complained of
in this case examined, and *held* sufficient.

MEMORANDUM.—Appeal from Rice district court;
ANSEL R. CLARK, judge. Prosecution for violation of
prohibitory-liquor law. The defendant, George Sax-
ton, was convicted. He appeals. Affirmed. The
material facts are stated in the opinion herein, filed
October 9, 1895.

*J. W. Brinckerhoff*, and *Davidson & Williams*, for ap-
pellant.

*S. H. Jones*, county attorney, *Samuel Jones*, and *C.
F. Foley*, for The State.

The opinion of the court was delivered by

COLE, J.: The defendant, George Saxton, was ar-
rested upon a complaint filed before a justice of the
peace of Rice county, Kansas, charging him in five
separate counts with unlawful sales of intoxicating
liquors, and in the sixth count with maintaining a
nuisance by being the keeper of a place where intoxi-
cating liquors were kept for sale and barter in violation
of law. Upon the trial the jury rendered a verdict
of guilty upon each of the said counts excepting the
fifth, and thereupon said defendant filed his appeal in
the district court of said county, and upon a trial in
that court a verdict of guilty was rendered on the first,
third and sixth counts ; and the court having sentenced

the defendant to the county jail of said county for a term of 30 days and to pay a fine of $100 upon each of said counts upon which he was convicted in said court, the defendant has brought the case here for review.

Several reasons are alleged why a reversal of this case should be had, the principal one being that a justice of the peace has no jurisdiction to hear and determine an action brought under section 392 of the crimes act, being the section of the prohibitory act defining a nuisance and prescribing punishment therefor, and that, as the justice of the peace had no jurisdiction to hear and determine such a case in the first instance, the district court gained no jurisdiction on appeal and trial *de novo;* and that, as the district court obtained no jurisdiction of that part of the action charging the defendant with maintaining a nuisance, the entire judgment must be reversed because of the admission of evidence which, while competent to sustain that charge, was incompetent as to the other counts of the complaint which charged specific sales. It is contended by the counsel for the state that this question of jurisdiction was not raised upon the motion to quash the complaint filed before the justice of the peace, and that the question of jurisdiction was not raised in the district court until an objection was made to the introduction of evidence. The record does not present the motion to quash in the form claimed by the counsel for the defendant, and it is difficult to determine whether the question now raised was urged under the motion as it appears in the record; but we feel inclined to give the defendant the benefit of the doubt, and to proceed with the discussion of the questions presented. Section 392 of the crimes act declares all places where intoxicating liq-

uors are manufactured, sold, bartered or given away in violation of any of the provisions of said act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of said act, to be common nuisances, and provides that, upon a judgment of a court having jurisdiction finding such places to be nuisances under said section, the sheriff, his deputy or under-sheriff, or any constable of the county, or marshal of any city, where the same are located, shall be directed to shut up and abate such places (prescribing the manner in which the same shall be done), and that the owner or keeper thereof, upon conviction, shall be adjudged guilty of maintaining a common nuisance, and be punished by fine of not less than $100 nor more than $500, and by imprisonment in the county jail not less than 30 days or more than 90 days. This same section also provides that the attorney general, county attorney or any citizen of the county may maintain an action to abate and enjoin such nuisance in the name of the state. It further provides a punishment for the violation of the terms of any injunction granted in such proceeding; and the same section further provides for the taxation of a reasonable amount as attorneys' fees, as a part of the costs, in case the plaintiff shall recover judgment in such an action.

Counsel for defendant argue in their brief, that under this section the same court that can convict the owner or keeper of maintaining this nuisance can also make its order to the sheriff or other officer to abate the same in the manner provided by such section; and we agree that such is the fact. Our statute divides public offenses into two classes—felonies and misde-

meanors — and defines a felony as an offense punishable by death or confinement and hard labor in the penitentiary, and prescribes that all other offenses are misdemeanors. (Crim. Code, §§ 3, 4.)    Paragraph 5433, General Statutes of 1889, gives justices of the peace concurrent original jurisdiction with the district court, coextensive with their respective counties, in all cases of misdemeanors in which the fine cannot exceed $500, and the imprisonment cannot exceed one year, except as otherwise provided by law.    It is certainly true that any act for the commission of which the statute of this state provides a punishment becomes thereby a public offense, whether it be specially named as such in the statute or not.    And if the punishment prescribed by the statute for the commission of an act is less than confinement in the penitentiary, such act is a misdemeanor ; and if the punishment for such misdemeanor cannot exceed a fine of $500 or imprisonment for more than one year, a justice of the peace of the proper county has jurisdiction to hear and determine the guilt or innocence of a party charged with such misdemeanors, unless the statute expressly provides otherwise.    But counsel for defendant urge that it is an elementary principle that the power to abate carries with it the power to restrain and enjoin, and that, because section 392 of the crimes act provides a remedy by injunction as well as by abatement, neither remedy may be invoked excepting in a court having jurisdiction of both of said remedies.    We do not deem this reasoning correct.    A police magistrate, in a city of the third class even, may, under a proper ordinance, punish a citizen for maintaining a nuisance within the limits of said city, and may, as a part of the judgment in said cause, order the marshal of said city to abate the nuisance com-

plained of, and yet it would not be contended that a police magistrate of a city of the third class, under our statutes, has the power to issue an injunction to restrain the maintenance or creation of the same nuisance.

It is clear that section 392 of the crimes act provides two distinct remedies for the offense therein named. The first is a criminal action, maintained in the name of the state, and carries with it a specific punishment, viz., fine and imprisonment, and also, as a part of the judgment, and in addition to the fine and imprisonment which are assessed against the owner or keeper of the thing proscribed, the abatement of the nuisance is also ordered in the manner therein provided. The second is a civil remedy, which, while brought in the name of the state, may be upon the relation of any citizen of the county, and is for the purpose of enjoining the nuisance complained of. It is true the statute which gives this second remedy also provides a punishment, not for the maintaining of the nuisance, but only for contempt of the court issuing the injunction in case the same be violated. It does not follow that the same court has jurisdiction in the application of both of these remedies. It is a general truth that, where two remedies exist, the plaintiff in an action may elect which remedy he will pursue. He may choose for himself any mode of proceeding authorized by law.

" In neither civil nor criminal cases is the tribunal or form of action selected by the defendant; nor in case one tribunal has jurisdiction and one form of action is authorized, can the defendant object on the ground that another tribunal has also jurisdiction, and that in a different form of action the litigation may be determined with less expense and in a shorter time. This, which is a general truth applicable to

all actions, ought to be especially enforced where the state is the plaintiff and the action a criminal one. The state ought not to be hampered; it should have the privilege of going before any tribunal which has jurisdiction, and resorting to any mode of procedure which is authorized by statute." (Dissenting opinion of BREWER, J., *In re Donnelly*, 30 Kan. 430.)

We can see no good reason why either of the remedies prescribed by the statute under discussion may not be invoked, or why a justice of the peace may not hear and determine a case which is clearly within his jurisdiction under the statute, because another and separate remedy, the enforcement of which is beyond his jurisdiction, has also been provided.

But counsel for defendant urge as another reason why a justice of the peace cannot acquire jurisdiction in a prosecution brought under section 392 of the crimes act that said section provides for the punishment of the "owner or keeper" of the nuisance, and that a plea of "not guilty" puts in issue the title to the particular real estate where it might be alleged the nuisance was maintained, and that as a justice of the peace is barred by statute from determining a case where it appears to his satisfaction that the title to real estate is in dispute, therefore it was not intended to confer jurisdiction upon justices of the peace to hear and determine cases arising under said section 392. Again, we think the reasoning is not good. The constitutional provision in our state with regard to justices of the peace is that they shall have such jurisdiction as may be given them by law. It is left, then, to the same power, viz., the legislature, to extend or limit the jurisdiction of a justice of the peace; and where that power has expressly conferred jurisdiction upon justices of the peace to hear and determine all misdemeanor cases, where the punishment is

within a certain fixed limit, there is implied in that jurisdiction the power to determine any and all questions necessary to adjudicate properly the rights of the parties to such an action. And where the main question to be determined is the guilt or innocence of the defendant, a justice of the peace may, to the extent necessary to a just determination of that question, permit the investigation on the trial of the title to the real estate where it is alleged the nuisance is maintained. (*Brown v. Burdick*, 25 Ohio St. 260; *Trustees v. Tuttle*, 30 id. 62; *Lyman v. Stanton*, 39 Kan. 443, 40 id. 727.) However, in this case the objection urged by counsel did not arise, as the defendant was not charged as the owner but as the keeper of the place alleged to be a common nuisance.

It is further argued that the complaint in this case was defective in not stating a time when the alleged offense was committed The allegation referred to is as follows ·

" was, and still continues to be, a place where spirituous, vinous, malt, fermented and other intoxicating liquors were, and have been, and are still continuing to be, sold and bartered in violation of an act of the legislature."

And the complaint contained a further allegation : " George Saxton did then and there, at the above-stated time, unlawfully did keep and maintain," etc. The rule is well settled that an indictment or information is good if the day and year can be collected from the entire statement, though they be not expressly averred; and where, in an information, indictment, or complaint, it is charged that a certain building therein described was, and is, and still continues to be, a place where intoxicating liquors were and have been and now are still continuing to be

sold in violation of law, and that the defendant then and there, at the time above stated, unlawfully did keep and maintain said place, and still continues to keep and maintain said place, it certainly charges the then present time, which would mean the date of filing the complaint, and is sufficiently specific so that the rights of the defendant are not prejudiced in any sense whatever.

The defendant further alleges, that the court committed error in overruling his motion to require the state to make its election more definite and certain. So far as the election made upon the second count is concerned, it is immaterial at this time, for the reason that defendant was acquitted upon that count; and no election is required so far as the offense charged in the sixth count is concerned. (*The State v. Lund*, 49 Kan. 218, 666.)   The state relied for a conviction under the first count upon a sale of two glasses of whisky made by the defendant to the witness A. E. Wellman, and for which A. E. Wellman paid the defendant 20 cents.   The testimony of Wellman discloses but one sale of the nature indicated in the election, and he fixes the time as the 1st day of November, 1894.   Under the third count, the state relied for a conviction upon a sale of one glass of whisky and one bottle of beer made by the defendant to W. C. Crawford, for which said Crawford paid the defendant 25 cents.   And this was the only sale of the description stated in the election which was testified to, and he fixes the date of the same in his testimony as November 2, 1894.   These sales testified to by Wellman and Crawford were in each instance but a single sale, for, while more than one article was purchased, all were purchased together and but one payment made.   The elections made by the state were sufficient under the

rule laid down in *The State v. Crimmins,* 31 Kan. 380, and *The State v. O'Connell,* 31 id. 383 ; and when taken in connection with the evidence in this case they could in no way have confused the jury or prejudiced the rights of the defendant. In each instance a definite sale, which is specifically described both as to the person to whom the sale was made, the kind of liquor sold and the amount of money paid for the purchase is indicated. The only thing not indicated is the date of the sale, and, as we have before stated, there was but one date upon which such a sale was made under the testimony. In the cases referred to in the brief of counsel for defendant no such definite election was made as in this case. The views above expressed with regard to the last assignment of error also dispose of the objection raised to the seventh, eighth and ninth instructions of the court.

Counsel for the defendant allege that the court erred in giving the tenth instruction, for the reason, as they claim, first, that said instruction assumed that the mere keeping of a place where intoxicating liquors were sold in violation of law was a common nuisance, without any judicial determination of that fact ; and, second, that the said court by said instruction attempted to establish the time when the nuisance was supposed to have been kept. This second objection we have answered in connection with other alleged errors. With regard to the first objection, we do not give the interpretation to the statute contended for by counsel. The statute plainly declares a place, such as is charged in the complaint in this case, to be a common nuisance, and the manifest interpretation of that portion of the section which reads ''upon the judgment of a court having jurisdiction finding said place to be a nuisance under this section'' is, that

when the court finds from the evidence in a case that a place charged in the complaint is one where the acts proscribed are committed, it shall then apply the remedy. The determination of the court that it is such a place is all that is necessary. The statute fixes its name. This we think disposes of all the alleged errors complained of.

The judgment of the district court will be affirmed.

All the Judges concurring.