BENJAMIN F. HYMAN v. THE STATE OF MISSISSIPPI.

UNLAWFUL SALE OF INTOXICATING LIQUORS. *Distinct sales. Instruction.*

It is error, upon the trial of a defendant for the unlawful sale of intoxicating liquor, to admit evidence of more than one sale, and, if such evidence is admitted without objection, it is error to give an instruction for the state which ignores the rule in such cases that the conviction must be predicated of one sale.

FROM the circuit court of Claiborne county.

HON. W. K. McLAURIN, Judge.

The facts are sufficiently stated in the opinion.

*J. C. McMartin*, for appellant.

Appellant was represented in the lower court by another. His counsel here had no connection with his case until after his motion for a new trial had been overruled.

The court below erred in allowing the introduction of evidence of more than one sale. *Ware* v. *State*, 71 Miss., 205; *Newman* v. *State*, 72 Miss., 126. The court permitted the state to prove numerous sales from 1892 to 1896, and up to the finding of the indictment. The court clearly erred in granting the instruction given to the state. It includes a period of four years, though the prosecution was barred after two years.

*Wiley N. Nash*, attorney-general, for the appellee.

It will be remembered that in the case of *Ware* v. *State*, 71 Miss., 205, evidence of other than one sale was promptly objected to, and the evidence was introduced, in the language of the court, "over their objection." In the case at bar there was no objection. Also in the case of *Naul* v. *McComb City*, 70 Miss., 700, when a second sale was sought to be proved, the

testimony was objected to. In the case at bar there was no objection.

It must affirmatively appear that the exception was taken in the mode prescribed by law; that is to say, if the objection is to the introduction of testimony, the objection must have been made at the time the evidence was introduced, and not after the termination of the trial. It would be a farce to allow a practice to grow up of allowing all the testimony to come in without objection, and after a verdict of guilty had been rendered, then to permit the prisoner, for the first time, to raise objection to the introduction of testimony.

WHITFIELD, J., delivered the opinion of the court.

The defendant's testimony was not an admission of a sale. On the contrary, he contradicted Price, and stated that his account of the affair, and not Price's, was the correct one. We cannot notice the assignment as to the improper admission of evidence, because throughout the entire trial no objection was made to the admission of the testimony. But the instruction given for the state is properly before us, and it is only necessary once more to make reference to the emphatic utterances of this court in *Naul* v. *McComb City*, 70 Miss., 701 (by Cooper, J.); *King* v. *State*, 66 Miss., 502 (by Arnold, J.); *Bailey* v. *State*, 67 Miss., 334 (by Campbell, J.); and *Ware* v. *State*, 71 Miss., 205 (by Woods, J.), to show that the charge was manifestly wrong, and, on the range the proof took, reversible error. This court has iterated and reiterated the rule that, in cases of this character, the evidence must be confined to one sale. Yet, in this case, evidence was offered to show numberless sales, scattered through a period of four years, and the court actually charged the jury that if they believed, from the evidence, that the defendant "did sell and retail vinous and spirituous liquors between the year 1892 and the year 1896 in the county of Claiborne, then he was guilty, and they should so find."

We regret the necessity of reversing this case, but this conviction cannot be affirmed without violating the established principles of law applicable to this sort of case, which the defendant was entitled to invoke.

*Reversed and remanded.*