The State v. Nagley.

---

THE STATE OF KANSAS v. JOSEPH NAGLEY.

No. 551.*

1. INTOXICATING LIQUORS—*Indictment.* An indictment charging numerous violations of the prohibitory law is sufficient as against a motion to quash, notwithstanding the day and month of the alleged offenses are omitted from some of the counts. (*The State v. Brooks*, 33 Kan. 708, 7 Pac. 591.)

2. ———— *Election—Waiver.* The election made by the state on motion of the defendant, as to the particular sale on which it would rely for conviction under each count of the indictment, was indefinite, but the defendant did not object to the form of such election, and did not move to require it to be made more definite, and the instructions of the court followed the form of the election as made by the state. *Held*, that, as the defendant must be deemed to have waived all objections to the form of the election, it was not error for the trial court to follow the form thereof in the instructions.

Error from Allen district court; L. STILLWELL, judge. Opinion filed June 14, 1899. Affirmed.

* Appeal dismissed by supreme court November 11, 1899.—REP.

*G. R. Gard*, county attorney, *G. A. Amos*, and *Travis Morse*, for The State.

*J. B. Atchison*, and *Oscar Foust & Son*, for appellant.

The opinion of the court was delivered by

MILTON, J.: The appellant was convicted in the district court of Allen county on six counts of an indictment containing ten counts, charging violations of the prohibitory law. The state introduced evidence which fairly supported the verdict and the defendant offered no evidence. Certain errors are complained of by appellant. The first is that the motion to quash the indictment was overruled. The objection to the indictment was that in some of the counts neither the month nor the day of the month of the alleged offense was given. We think it was sufficient, under the authority of *The State v. Brooks*, 33 Kan. 708, 7 Pac. 591.

The election made by the state, on motion of the defendant, as to the particular sale on which it would rely for conviction under each count of the indictment, was indefinite, but the defendant did not object to the form of such election, and did not move to require it to be made more definite. The instructions of the court followed the form of the election as made by the state. As the defendant must be held to have waived all objections to the form of the election, it was not error for the trial court to follow the form thereof in the instructions. The verdict and sentence will bar all further proceedings for all offenses covered by the election made therein by the prosecuting attorney. (*The State v. Crimmins*, 31 Kan. 376, 381, 2 Pac. 574.)

The question in respect to the testimony of the witnesses Percy Harris and Bert Harris does not

require consideration, for the reason that it is not within the motion for a new trial or the assignment of errors. The same is true of the alleged error of the court in permitting the name of a witness to be indorsed on the indictment during the trial of the case. As no objection or exception was taken to the statement made by the court to jurors on the *voir dire* concerning the extent of the punishment which might be imposed in case the defendant should be convicted, the alleged error is not reviewable.

It is contended by appellant that the court erred in permitting the jury to consider the testimony of witnesses whose testimony was not relied on for conviction under the election as made by the state. The language of the court to which exception is taken is found in several instructions to the effect that the jury must be satisfied from the evidence beyond a reasonable doubt that the alleged sales were made; and also a reference to the testimony of the different witnesses in the case. Under the decision in *The State v. Schweiter*, 27 Kan. 500, and numerous later decisions of the supreme court, the objection to the instructions is not well taken. The judgment of the district court is affirmed.