State v. Kattlemann.

———

35 105
68a 37

THE STATE OF MISSOURI, Respondent, v. HENRY KATTLEMANN, Appellant.

*Judgment—Indictment.*—Where a verdict of not guilty is found upon one or more counts of an indictment, and a verdict of guilty upon the others, the defendant cannot again be tried upon the counts found in his favor.

*Crimes—Forgery.*—The fraudulent alteration of the date of a receipt with intent to prejudice the rights of another, or to obtain a double credit for money paid, constitutes the offence of forgery.

### Appeal from St. Louis Criminal Court.

*Joseph Jecko*, for appellant.

The act of the defendant was no forgery for which he could be indicted, tried or convicted.

I. The mere altering of an instrument or writing being the act of another, with intent to injure or defraud, and by which a pecuniary demand and obligation purports to be diminished, does not of itself necessarily constitute the crime of forgery.

II. To make it the crime of forgery, the act of alteration must have the effect of giving to the instrument or writing altered a different effect; so as to make it, in fact, not the instrument or writing of the author or maker, but another— a new or different instrument or writing. (State v. Weaver, 13 Ired. 491; People v. Fitch, 1 Wend. 198; State v. Floyd, 5 Strob. 58; Putnam v. Sullivan, 4 Mass. 45.)

III. The prisoner had been once lawfully acquitted of all matters in the indictment, except those stated in the first count, and all proceedings had in the last trial are therefore null and void.

*S. Voullaire*, for respondent.

A. pays B. $250, for which B. gives a receipt; a moment afterwards A. pays B. $50 more, and B. gives another receipt bearing the same date as the first, and including therein the amount of the first receipt ($250) and the amount last paid ($50), making $300. B., relying on the honesty of A. to destroy the first receipt, goes away leaving the two receipts written on the same piece of paper, one after another. Upon a suit between A. and B. as to how much money A. owes B., A. produces in evidence the two receipts; the date of the first being altered from April 11, 1859, to April 1, 1859, which alteration was done by A.

Now, quære, is this a forgery? The State contends that it is; because the date of the receipt was a material part of the instrument whereby a new operation was given to it, and it was done *malo animo*.

The amount of the first receipt, before its alteration, was merged in the second and constituted one transaction on the same day, and said first receipt was null; but the moment the date thereof was altered, it purported to be a different transaction occurring at a different time, the amount thereof no longer merged in the second receipt, but separate and distinct from it, giving it vitality and validity, and tending to prejudice the rights of B.

The essence of the offence is the intent to defraud. (R. C. 1855, p. 593, § 16, p. 594, § 21; Whar. Crim. L. 574–6; State v. Shurtliff, 13 Maine, 368; State v. Floyd, 5 Strob. 64—from "a note or a receipt.")

BATES, Judge, delivered the opinion of the court.

Kattlemann was indicted for forgery; there were five counts in the indictment; he was tried on the whole indict-

ment and found guilty on the first count. This verdict was set aside and a new trial awarded him. At the second trial, he was again tried on the whole indictment and found guilty on the first count, and also on the third count. This was error. The verdict on the first trial was an acquittal on all but the first count, and he should have been tried again upon that alone. (State v. Ross, 29 Mo. 32.)

He was charged to have committed forgery by altering the date of a receipt for money, and the Criminal Court gave an instruction as follows: "Altering the date of a receipt from the 11th of April to the 1st of April, if done fraudulently, that is, if done to prejudice the rights of another, and the more easily or successfully to enable the party altering it to obtain a double credit for money paid, is a material alteration, and sufficient to constitute the offence of forgery." This instruction stated an abstract principle correctly. Such alteration gives to the receipt a different operation, by making it evidence of a payment at a different time from the original date.

Judge Dryden concurring, the judgment is reversed, and the cause remanded.

Judge Bay did not sit in the cause, he having been of counsel in the lower court.