THE STATE *ex rel.* ALLEN v. THE MAYOR OF ST. LOUIS.

**St. Louis Charter Amendments**: MAJORITY NECESSARY TO THEIR ADOPTION. Under the constitution, amendments to the charter of the city of St. Louis, before they could take effect, had to be submitted to the qualified voters at a general or special election "and accepted by at least three-fifths of the qualified voters voting thereat." Certain amendments submitted at a general election received more than three-fifths of all the votes cast on the question of their adoption, but less than three-fifths of all the votes cast on the same day for city officers. *Held,* that they were not adopted.

*Mandamus.*

*Alex. Martin* and *Eugene C. Tittman* for relator.

A cardinal principle of our constitution is, that those who do not vote, whatever be the reason, shall be bound by and be deemed to acquiesce in the act of those who do.

This principle is applied to the abolition of township organization, the changing of county seats, the reorganization of counties, the calling of constitutional conventions, and, even more, to the amendment of the organic law of the State, the constitution itself. All these may be accomplished by the act of a plurality, or majority of the voters voting on the question submitted. Const. 1875, art. 9, §§ 2, 3, 4, 9; art. 15, §§ 2, 3. It is difficult to understand why city charters should be amended only by compliance with a more stringent requirement, to-wit: by a plurality of those voting, not on the question, but on some other subject or matter wholly foreign to the question. Is it probable that it was intended to require a larger percentage of votes to amend a city charter than to amend the constitution of the State? We submit that section 22, article 9, ought to be so construed as to preserve the foregoing principle of the constitution and to effectuate and carry out the purpose and intent of its framers and the people who adopted it. This section referred and related to a vote on charter amendments. It had no other measure or subject matter in view. *Gillespie v. Palmer*, 20 Wis. 544; *State v. Mayor*, 37 Mo. 270; *State v. Binder*, 38 Mo. 450.

*Leverett Bell* for respondent.

Norton, J.—This is an original proceeding by mandamus to compel the mayor of the city of St. Louis to proclaim that certain amendments numbered one, two, three, five, six, seven, eight, nine, ten, twelve and thirteen, submitted for the acceptance of the qualified voters of said city at the general election held therein for the election of city officers on the 5th day of April, 1881, were adopted and became incorporated in the charter of said city.

It is admitted by the demurrer to defendant's answer that at said election the said charter amendments were ac-

cepted by three-fifths of the voters who voted at said election for and against them; but that they were not accepted by three-fifths of the 37,000 voters who voted at said election for city officers, and the only question presented for our determination is, whether, under section 22 of article 9 of the constitution, it required the amendments proposed to be accepted by three-fifths of the qualified voters voting at said election or only three-fifths of those voting for and against the amendments. The said section is as follows: " Section 22. The charter so ratified may be amended at intervals of not less than two years, by proposals therefor, submitted by the law-making authorities of the city to the qualified voters thereof at a general or special election, held at least sixty days after the publication of such proposals, and accepted by at least three-fifths of the qualified voters voting thereat." The above provision of the constitution is free from ambiguity, and giving to the words employed their natural and usual signification, we think it clear that before any amendment to the city charter can be adopted or made, such amendment must be accepted, that is, voted for, by three-fifths of the qualified voters voting at either a special or general election. If the framers of the constitution intended that an acceptance by three-fifths of the qualified voters voting at said election on the proposed amendment would be sufficient to adopt it, they would have used the word *thereon* instead of *thereat*. The principle involved in the question presented is not one of first impression in this court; it heretofore having been passed upon in accordance with the above view in the cases of the *State v. Winkelmeier*, 35 Mo. 105; *State ex rel. v. Sutterfield*, 54 Mo. 391; *State ex rel. v. Brassfield*, 67 Mo. 331. Similar adjudications upon a like point have been made in the states of Indiana, Illinois, Minnesota and Nebraska, in the following cases: *People v. Brown*, 11 Ill. 478; *Chestnutwood v. Hood*, 68 Ill. 132; *Bayard v. Klinge*, 16 Minn. 249; *State v. Swift*, 69 Ind. 505; *State ex rel. v. Lancaster Co.*, 6 Neb. 474. The demurrer to the answer of defendant will

be overruled, the peremptory writ denied, and the proceedings dismissed, in which all the judges concur.