The State v. Chandler.

| 31 | 201 |
| 45 | 392 |
| 31 | 201 |
| 47 | 243 |
| 31 | 201 |
| 69 | 527 |

### The State of Kansas v. A. L. Chandler.

1. ADDITIONAL INSTRUCTION *to Jury; General Rule.* As a general rule, where the jury in a criminal case return into court in the presence of the parties and say they cannot agree, it is competent for the court, of its own motion, to give them any additional instruction, proper in itself, which may be necessary to meet the difficulty in their minds.

2. JOINDER OF OFFENSES; *Practice.* Separate public offenses, where they are all misdemeanors of a kindred character, and charged against the same person, may generally be joined in separate counts in one information, to be followed by one trial for all, with a separate conviction and punishment for each, the same as though all such offenses were charged in separate informations and tried at different times.

3. GOOD BEHAVIOR, *Security For; Power of Court.* The court before which any person is convicted of a criminal offense has the power, in addition to the sentence prescribed or authorized by law, to require such person to give security to be of good behavior for a term not exceeding two years, or to stand committed until such security is given.

*Appeal from Pottawatomie District Court.*

PROSECUTION under the prohibitory liquor law. From a conviction at the September Term, 1883, the defendant *Chandler* appeals. The opinion states the facts.

*C. P. Jeffries,* and *Case & Curtis,* for appellant.

*W. A. Johnston,* attorney general, *R. S. Hick,* county attorney, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: The defendant was convicted at the September term, 1883, of the district court of Pottawatomie county, of the offense of selling intoxicating liquor without a permit, in violation of the prohibitory liquor law of 1881.

The information contained twenty-seven counts. The prosecutor elected as to which particular transaction he would rely upon for a conviction under each separate count.

After the court had instructed the jury, and they had been in charge of their bailiff and not allowed to separate from the evening of September 22 until the morning of September 24, the jury stated to the court that they were unable to agree because one of their number thought that they ought not to consider the testimony of a certain witness, because the court was wrong in allowing such witness to testify; and thereupon the court, over the objections of the defendant, gave the jury additional instructions, and to each instruction the defendant at the time objected and excepted. The testimony of this witness related to the ninth and tenth counts of the information.

The jury found the defendant guilty under the seventh, eighth, ninth and tenth counts. The court sentenced the defendant, on the verdict under each of these four counts, to pay a fine of one hundred dollars and costs; the judgments aggregating the sum of four hundred dollars and costs; and the defendant was also ordered to be committed until the fines and costs were paid.

In addition to the above sentences and judgments, the court required the defendant to give security in the sum of $500 to be of good behavior for the term of one year from the date of said judgments, or to stand committed until such security be given.

The defendant brings the case to this court on appeal; and in his brief makes the following points:

"1. We think the court erred when it instructed the jury the second time, and in its instructions the said second time, over the objection of the appellant, and after the jury had been out two days.

"2. The court erred in sentencing the defendant, Chandler, on more than one count.

"3. The court erred in sentencing the defendant to give security in the sum of $500, to be approved by the court or the judge thereof, or by the clerk in the absence of the judge, to be of good behavior for the term of one year from that date, or to stand committed to the jail of Pottawatomie county, state of Kansas, until such security be given."

We shall consider these several propositions in their order.

I. We think, as a general rule, where the jury in a criminal case return into court in the presence of the parties and say they cannot agree, it is competent for the court, of its own motion, to give them any additional instruction, proper in itself, which may be necessary to meet the difficulty in their minds. (*The State v. Pitts*, 11 Iowa, 343; *Hogg v. The State*, 7 Ind. 551; Thompson on Charging the Jury, § 99, p. 130. See also *Foster v. Turner*, ante, p. 58.)

The instructions given were proper in themselves; it appears that the defendant was present at the time they were given; and it does not appear that the court went beyond the necessities of the case in giving them. Therefore the court did not err in giving them. The defendant was probably guilty beyond all doubt, and this juror was very unreasonable in refusing to consider the testimony of the witness.

II. By the practice everywhere, distinct transactions in cases of misdemeanor may be joined in separate counts in one information or indictment to be followed by one trial for all,

and a conviction for each of the several offenses, the same as though all such offenses were charged in the same terms in separate informations or indictments, subject, however, to some practical limitations imposed by judicial discretion. (1 Bishop on Cr. Pro., § 452, and cases there cited; *In re Donnelly,* 30 Kas. 424; *In re Macke, Petitioner,* ante, p. 54.) In other words, separate public offenses, where they are all misdemeanors of a kindred character, and charged against the same person, may generally be joined in separate counts in one information, to be followed by one trial for all, with a separate conviction and punishment for each, the same as though all such offenses were charged in separate informations and tried at different times. Of course a separate penalty should be imposed for each separate offense, and not an aggregate penalty for all the offenses.

The judgment was properly rendered in the present case. The aggregate amount of the penalties imposed in the present case, however, does not exceed the maximum punishment that may be imposed by law for one offense of the character charged in the information, and therefore the case does not even come within the rule enunciated in the case of *The People, ex rel. Tweed, v. Liscomb,* 60 N. Y. 559.

III. The authority for the order of the court requiring the defendant to give security for his good behavior is found in § 242 of the criminal code, which reads as follows:

"Sec. 242. The court before which any person shall be convicted of any criminal offense, shall have power, in addition to the sentence prescribed or authorized by law, to require such person to give security to keep the peace, or be of good behavior, or both, for a term not exceeding two years, or to stand committed until such security be given."

The court simply followed the law; it simply followed a *statute* which is open for every person to read.

The judgment of the court below will be affirmed.

All the Justices concurring.