## THE STATE OF KANSAS v. JOSEPH E. McNAUGHT.

1. VERDICT, *Guilty on One Count, Silent as to Other Counts.* A verdict of guilty on one count in a criminal complaint, saying nothing as to other counts, is equivalent to a verdict of not guilty as to such other counts.

2. NEW TRIAL, *Extent of.* And where such a verdict has been rendered, and the defendant procures a new trial, he can be tried at the new trial only for the offense charged in the count upon which he was found guilty at the former trial.

### Appeal from Crawford District Court.

PROSECUTION for a violation of the prohibitory liquor law. From a judgment against him on January 21, 1886, the defendant *McNaught* appeals. The opinion states the case.

*John T. Voss,* and *C. Dana Sayrs,* for appellant.

*S. B. Bradford,* attorney general, and *E. A. Austin,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: On July 8, 1885, a complaint was filed before a justice of the peace, charging in four separate counts Joseph E. McNaught with violations of the prohibitory liquor law. On July 17 to 20, 1885, a trial was had upon this complaint before the justice of the peace and a jury, and the jury rendered the following verdict, to wit:

"We, the jury, find the defendant guilty as charged in the *second count* in the complaint."

Upon this verdict the justice of the peace rendered judgment, imposing upon the defendant a fine and imprisonment. On July 20, 1885, the defendant appealed "from said judgment" to the district court, where, on August 28 to September 1, 1885, the case was again tried before the court and a jury, upon all the counts — the defendant, however, objecting to being tried upon any count except the second; and on September 1, 1885, the jury rendered the following verdict, to wit:

"We, the jury, find the defendant, Joseph E. McNaught, guilty as charged in the fourth count in the complaint in this action, in the form and manner therein charged, under the election of the county attorney therein."

On September 11, 1885, the court granted a new trial, and continued the case till the next term. At the next term, and on January 11 to 13, 1886, the defendant was again tried before the court and a jury, on all the counts — the defendant objecting and claiming that he had already been acquitted upon all the counts, and the jury found the following verdict, to wit:

"We, the jury, find the defendant, Joseph E. McNaught, guilty as charged in the first, second, third and fourth counts in the complaint in this case, in the form and manner therein charged."

40—36 KAS.

On January 14, 1886, the defendant moved for a new trial, which motion was heard on January 21, 1886, and was overruled with respect to the first and second counts, and sustained with respect to the third and fourth counts. On the same day a motion in arrest of judgment was made and overruled; and then the court rendered judgment against the defendant upon the first and second counts, sentencing him to pay a fine and to be imprisoned in the county jail, and requiring him to pay the costs of the prosecution. From this judgment the defendant appeals to this court.

The defendant claims that, as he was tried in the justice's court upon the entire charge and found guilty only upon the second count of the complaint, he was in effect acquitted as to the other counts; and that he could never lawfully be again tried except upon the second count, upon which count and that only he obtained a new trial by appealing to the district court. And he further claims that, as he was put upon his trial in the district court, and there tried against his will upon all the counts and found guilty only as charged in the fourth count, he was virtually acquitted as to all the other counts. In other words, he claims that in legal effect he was acquitted in the justice's court upon the first, third and fourth counts, and that he was acquitted in the district court upon the first, second and third counts; and therefore that in the two courts and upon the first two trials he was in legal effect acquitted upon all the counts of the complaint, and could not again be legally tried upon any of such counts. He raised this question in the district court in various ways — by a plea in bar, by objecting to any trial, by objecting to any evidence being introduced, and by a motion in arrest of judgment; but the court below held that he could be tried again upon all the counts; and he was so tried and sentenced upon two of them, and a new trial was granted as to the other two. We think the court below erred in holding that the defendant could be tried again. Mr. Wharton, in his work on Criminal Pleading and Practice, uses the following language:

"A verdict of guilty on one count, saying nothing as to the

other counts, is equivalent to a verdict of not guilty as to such other counts." (Whar. Cr. Pl., 8th ed., § 740.)

See also upon this subject the following cases: *Weinzorpflin v. The State*, 7 Blackf. 186; *Bonnell v. The State*, 64 Ind. 498; *Dawson v. The State*, 65 id. 442; *Bittings v. The State*, 66 id. 101; *Nabors v. The State*, 6 Ala. 200; *Bell v. The State*, 48 id. 684; *Guenther v. The People*, 24 N. Y. 100; *The State v. Phinney*, 42 Me. 384; *The State v. Watson*, 63 id. 128; *The State v. Kattlemann*, 35 Mo. 105; *The State v. Cofer*, 68 id. 120; *O'Brian v. Commonwealth*, 9 Bush, 333; *The Commonwealth v. Bennet*, 2 Va. Cases, 235; *Kirk v. Commonwealth*, 9 Leigh, 627; *Girts v. Commonwealth*, 22 Pa. St. 351.

Of course the jury ought to make a finding with respect to each separate count, for in all cases like this each separate count charges a separate and distinct offense. (*The State v. Chandler*, 31 Kas. 201, 203, 204. Also, see the reasoning in the case of *In re Donnelly*, 30 Kas. 427, *et seq.*) But when the verdict of the jury is silent as to some one or more of the counts and contains a finding of guilty as to the other counts, it must be presumed that the jury intended to find as to the counts concerning which the verdict is silent, that the defendant was not guilty. Such, we think, is the universal belief in practice. But whatever may have been the actual intention of the two juries that tried this case at the first two trials, it necessarily follows from § 10 of the bill of rights of the constitution that the defendant could not again be tried after such two trials. That section provides among other things as follows: "No person shall . . . be twice put in jeopardy for the same offense." The case of *The State v. McCord*, 8 Kas. 232, is however cited as authority for the ruling of the court below. Now that case has no application to this case. In that case there was only one count in the information, and only one offense was charged, that of felonious homicide, including its various degrees, as murder in two degrees and manslaughter in four degrees; and the entire charge in that case was founded upon one single set of facts. In that case the whole case and everything in it had to be tried at one and the

same time.    And upon conviction only one judgment could be rendered, and only one sentence could be pronounced.    It could not have been separated into parts and one part tried at one time and another part at another, and after the trial was had, and a conviction by the jury, 'there could not have been a new trial granted as to one part and a sentence pronounced as to the other parts.    In all this, the present case differs from that.    In the present case there are four separate counts, and each count charges a separate and distinct offense.    The offense stated in one count has no connection with any offense stated in any one of the other counts.    Each offense is founded upon a wholly different state of facts, and each could be prosecuted in a separate action.    And even when they are all combined in one prosecution they must be prosecuted as separate offenses, and a separate judgment must be rendered upon each count and for each separate offense. (*The State v. Chandler,* 31 Kas. 201; *In re Donnelly,* 30 id. 429.)

Counsel for the defendant urge many other grounds for a reversal of the judgment of the court below, but as such judgment must be reversed for the reasons already stated, we do not think that it is necessary to comment upon any of such other grounds.

Judgment reversed.

All the Justices concurring.