CHARLES C. CRECELIUS, Respondent, v. PAUL H. BIERMAN, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Practice, Appellate**: REMANDING CAUSE ON IDENTICAL PETITION: SECOND APPEAL: RES ADJUDICATA. When the appellate court remands a cause on the identical petition, it necessarily decides that the petition states a cause of action, and the matter is *res adjudicata*, and not reviewable on a second appeal, even had it been erroneously decided on the first appeal.

2. **Practice, Trial**: PRIVILEGED STATEMENT: EVIDENCE: RULING OF TRIAL COURT. In such case, an objection that the trial court erred in submitting the cause to the jury, because under the undisputed evidence a statement charged as slanderous was absolutely privileged, when the evidence bearing on the question of absolute or relative privilege was the same on both trials, was in effect a complaint that the court below tried the cause according to the discretion of the appellate court.

3. **Practice, Appellate:** INSTRUCTIONS. Instructions which are the same on both trials, and in conformity with the views of the appellate court, as expressed on the first appeal, present nothing for review on the second appeal.

4. ———: FRIVOLOUS APPEAL. A question decided against the defendant on a former trial, though not expressly, which even careful counsel might have considered still in the case, while not reviewable on a second appeal, will not justify the appellate court in treating the appeal as frivolous.        •

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*J. K. Hansbrough* for appellant.

Defendant's objection to the introduction· of any testimony, at the beginning of the trial, because the petition stated no cause of action, should have been sustained. 8 Am. and Eng. Ency. of Law, pp. 459, 460, 461; *People v. Tomlinson*, 35 Cal. 503; *Rood v. State*, 5 Neb. 174; 2 Bish. Crim. Law [Ed. 1892], secs. 545, 546; Whar. Crim. Law [10 Ed.], sec. 696; *Smith et al. v. State*, 14 Mo. 147; *Barnes v. Crawford*, 20 S. E. Rep. (N. C.) 386; *State v. Evans*, 39 Pac. Rep. (Mont.) 850; 2 Bish. Crim. Law, sec. 541.

The statement being *prima facia* privileged, before plaintiff could recover it devolved upon him to show that the words alleged to have been spoken were not relevant; and not only not relevant, but spoken by the witness under the supposition that they were not relevant, and not in good faith, nor in response to questions asked. New. on Def. Slan. and Lib. 449, sec. 43; *Calkins v. Summer*, 13 Wis. 193; *Liles v. Gaster*, 42 Ohio St. 631; *Hutchinson v. Lewis*, 75 Ind. 55; Cooley on Torts [Ed. 1888], secs. 246–249; *Steinecke v. Marx*, 10 Mo. App. 580; *Kirkpatrick v. Eagle*, 26 Kan. 384; *Shortliff v. Stevens*, 51 Vt. 501.

The instructions are argumentative, and a comment on the testimony, and thus prejudicial to defendant, and objectionable. *Chouquette v. Barada*, 28 Mo. 491; *Jones v. Jones*, 57 Mo. 138; *Leeser v. Boeckhoff*, 33 Mo. App. 223.                                    ♦

*Clopton & Trembly* for respondent.

The case was tried in conformity with the opinion of this court when the case was here on a former appeal. *Crecelius v. Bierman*, 59 Mo. App. 523.

The questions brought up now were determined on the first appeal, and are *res adjudicata*. *Hombs v. Corbin*, 34 Mo. App. 393; *Furt v. Ambrose*, *Id.* 360; *Lancaster v. Elliott*, 42 *Id.* 503; *Maack v. Schneider*, 57 *Id.* 431; *Dowling v. Allen*, 102 Mo. 213; *Reinhart v. Scarrett*, 115 *Id.* 51.

This is the second verdict. There is nothing in the record showing that the jury erred in the matter of law, nor that they were guilty of misbehavior. 1 R. S. 1889, sec. 2241; *State v. Horner*, 10 Mo. App. 307; 86 Mo. 71; *State ex rel. v. Brainard*, 84 *Id.* 310.

ROMBAUER, P. J.—The action is slander. The plaintiff recovered two judgments against the defendant on the *identical* petition. The recovery in each instance was for the same amount. We reversed the first judgment on the sole ground that the slanderous words alleged to have been spoken did not impute any offense to the plaintiff in *direct terms*, and that it was not shown upon the trial by extraneous evidence that the words thus spoken by the defendant applied to the plaintiff. We also decided that the words spoken were only relatively and not absolutely privileged, and that but for the above *hiatus* in plaintiff's proof at the first trial, the verdict of the jury would have been con-

clusive against the defendant. Our opinion on the
first appeal is reported in 59 Mo. App., pages 521 and
following, to which we refer for the facts of the case,
which are therein fully set out.

It is substantially conceded and at all events it is
fully shown by the record, that the *hiatus* in plaintiff's
proof, which we suggested existed upon the first trial,
was supplied upon the retrial of the cause. As the
pleadings and instructions were the same on both trials,
and as no complaint is made as to the rulings of the
court upon the evidence except as hereinafter stated,
these rulings can alone furnish a ground of complaint.
The defendant now assigns for error the following:

*First.* The court erred in not sustaining defend-
ant's objection to the introduction of any testimony
because the petition did not state any cause of action.
This objection is untenable. By remanding the cause
for trial on the identical petition, we neces-
sarily decided that it did state a cause of
action. The matter is *res judicata*, and not reviewable
on a second appeal, even had it been erroneously
decided on the first appeal. *Hombs v. Corbin*, 34 Mo.
App. 393; *Metropolitan Bank v. Taylor*, 62 Mo. 338.
Nor would there be any merit in defendant's point if
it were still open for discussion. Revised Statutes
1889, section 3641; *State v. Kattlemann*, 35 Mo. 105;
*State v. Kroeger*, 47 Mo. 552. We have no common
law felonies in this state, but the offense which the
defendant charged upon the plaintiff would constitute
the offense of forgery even at common law. The
charge was that the plaintiff placed the defendant's
name, purporting to be the defendant's signature, upon
the back of a written money obligation, with a view of
making it appear that the same had passed through
the defendant's hands, and that the obligation was
discharged in a certain manner according to the defend-

ant's own admission. This necessarily covered the possibility of the defendant being defrauded to his injury by the acts charged to have been committed by the plaintiff.

*Second.* That the court erred in submitting the cause to the jury, because under the undisputed evidence the statement charged as slanderous was absolutely privileged. As the evidence bearing on the question of *absolute* or *relative* privilege was the same on both trials, this is in effect a complaint that the court tried the case according to our discretion.

PRIVILEGED statement: evidence.

*Third.* That the court erred in giving instructions 1 and 2 for plaintiff. Since the instructions were the same on both trials, and are in conformity with our views expressed on the first appeal, the assignment presents nothing for our review.

INSTRUCTIONS.

*Fourth.* Upon the first appeal of the case one of the judges of this court dissented from the opinion of his associates. Upon the last trial counsel for defendant offered to read in evidence the dissenting opinion. The court would not permit him to do so, and this ruling is also assigned for error. This assignment does not merit any serious discussion.

The plaintiff moves for an affirmance of the judgment with damages. The main proposition now relied on by the defendant for reversal, namely, that the slanderous words charged were legally insufficient under the evidence to impute to the plaintiff the felonious offense of forgery, finds some support in the decisions of other states. As that question was not expressly decided against the defendant on the former appeal, even careful counsel might have considered that it was still in the case. Hence

FRIVOLOUS appeal.

we are not justified to treat the appeal as frivolous and deny the motion.

The judgment is affirmed. All the judges concur in the affirmance because the opinion of the court on the last appeal determined the *law of this case*. Judge BOND, however, desires to say that he adheres to his views expressed on the former appeal, and concurs in the affirmance only because he recognizes the force of the rule above stated.