THE STATE OF KANSAS v. Z. A. WOODARD et al.

No. 472.

1. CRIMINAL LAW — *Keeping Clubrooms — Valid Statute.* Section 42, chapter 101, General Statutes of 1897, has been upheld by the supreme court in *The State v. Chandler*, 31 Kan. 201, and by this court in *The State v. Webb*, post, and we again affirm the decision.

2. ————— ————— *Security for Good Behavior — Bond.* Where the trial court sentences a defendant to give security for good behavior, under section 42, chapter 101, General Statutes of 1897, it is proper to adjudge that he give a bond.

3. ————— *Conviction — Plea of Guilty.* A defendant who pleads guilty to a charge is " convicted" of said charge by his own plea.

Appeal from Bourbon district court; W. L. SIMONS, judge.   Opinion filed May 19, 1898.   Affirmed.

- *J. I. Sheppard*, county attorney, for The State.

*W. R. Biddle*, *H. A. Pritchard*, and *Perry & Crain*, for appellants.

The opinion of the court was delivered by

DENNISON, P. J. :   The appellant and William Smith, Charles Hunter, J. F. Lettom, W. S. Miller, T. J. Allen, Vic Harkey, Charles Parmenter, Carl Grimm, Henry Neubauer, Otto Neubauer and Ed Dennicomb entered a plea of guilty to a charge of violating the the provisions of section 42 of chapter 101 of the General Statutes of 1897.

In addition to a fine, the court sentenced each of them to give a bond, to be approved by the clerk of the district court, conditioned upon their good behavior for the term of twenty-three months from the date of the sentence, and that they stand committed to the jail of the county until such time as said bond should be given, not to exceed twenty-three months.   Each of

the defendants appeals to this court, and the cases have all been submitted upon one set of briefs, and only one case was argued. This decision applies to cases Nos. 469, 470, 471, 472, 473, 474, 475, and 479.

The appellants contend that section 251, chapter 102, of General Statutes of 1897, is unconstitutional. This statute has been upheld by the supreme court in *The State v. Chandler*, 31 Kan. 201, and by this court in *The State v. Webb* (see following case). We have carefully examined the briefs upon this question and affirm these decisions.

It is also contended that as the statute requires the defendant to give "security," and the judgment of the court is that the defendant give "bond," the judgment is erroneous.

The trial court very properly ordered the defendants to give a bond. This is the security which the legislature evidently intended should be given under this section.

It is also contended that as the defendants pleaded guilty they were not "convicted," and hence the section does not apply to them. The defendants were "convicted" by their own plea.

The judgment of the district court is affirmed in each of the cases above numbered.