THE STATE OF KANSAS v. R. T. WEBB.

No. 490.

1. PROHIBITORY LIQUOR LAW — *Sales — Election between Counts.* Where an information contained a large number of counts, each of which charged in general language a violation of the prohibitory liquor law, and where the testimony showed that numerous sales had been made to the same party, and where the county attorney, who had verified the information "as true to the best of his knowledge and belief," testified that he had notice and information concerning the sales so testified to by other witnesses, *held*, that an election to rely on the first sale of beer made to C. as to one count, and on a second sale of beer to C. in another count, was sufficient.

2. ————— *Knowledge of Prosecuting Witness — Presumption — Instructions.* Where, in such case, the court instructed the jury that the county attorney, as the prosecuting witness, in the absence of any evidence whatever as to his knowledge of the offenses charged, was presumed to possess such knowledge, but that such presumption might be overthrown by the testimony, and that no conviction could be had where the jury believed from the evidence that as to any of the alleged sales the county attorney had no notice or knowledge, and where the instructions as a whole clearly presented the law applicable to the facts in the case, *held*, that no error was committed by the statement concerning the presumption of knowledge on the part of the county attorney; and further *held*, that it was not material error to refuse an instruction to the effect that when the county attorney elected to rely upon the "first sale" made to a particular individual, and the jury had a reasonable doubt as to which of the several sales testified to was in fact the first sale, it was the duty of the jury to acquit the defendant as to such sale.

3. ————— *Evidence of Many Sales — Nuisance.* Where the evidence showed many sales at various times of intoxicating liquors in the place described in the two nuisance counts of the information, it was not error to render judgment upon a verdict of guilty to each of said counts.

4. CRIMINAL CODE — *Security for Good Behavior.* Section 242 of the criminal code, which authorizes the trial court to require a party who is convicted of any criminal offense to give security to keep the peace or be of good behavior for a term not exceeding two years, *held*, to be constitutional.

Appeal from Wilson county; L. STILLWELL, judge. Opinion filed May 19, 1898.   Affirmed.

*James M. Kennedy*, county attorney, for appellee.
*S. S. Kirkpatrick*, for appellant.

The opinion of the court was delivered by

MILTON, J.: From a conviction upon eight counts of an information charging violations of the prohibitory law, R. T. Webb appeals.   Six counts charged specific sales and two were for maintaining a nuisance.   The court sentenced the defendant to pay a fine of $100 and to serve thirty days in the county jail on the verdict under each of the counts, and also ordered that he execute a bond in the sum of $1000, conditioned for his good behavior for the term of two years, and to stand committed to jail until such bond was given and approved.   Before the trial, defendant's motion to quash the information, on the ground that it was so vague, indefinite and uncertain that the defendant was not thereby apprised of the nature of the accusation against him, was overruled.   The counts alleging specific sales are practically alike, each averring an unlawful sale of intoxicating liquor in the year 1897, or within one year preceding the filing of the information, which was on June 19, 1897. The information contained thirteen counts, and was formed by the consolidation by agreement in open court of two informations, one of which, with four counts, was filed on June 19, 1897, and the other, with nine counts, on August 13, 1897, each containing a nuisance count, in which the words "did then and now does keep a place," etc., are used.

Appellant concedes that if the information charged

a single violation of the law it might be sufficient un-
der section 105 of the criminal code, but says that
where a large number of counts of a similar nature,
from which the specific facts constituting the several
offenses are omitted, are joined in one information,
time becomes essential and should be alleged with
some degree of precision.   This question is settled by
the decision in *The State v. Brooks*, 33 Kan. 708.   The
motion to quash was properly overruled.

The second alleged error is based on the refusal of
the court to require the county attorney to make his
election as to the particular sales upon which he re-
lied for conviction more specific and certain, he hav-
ing already made a written election.  ·That election
is shown by the following :  "For first count the state
elects to rely on the first sale of beer to W. G. Clay-
ton."   .   .   .   "For ninth count, state relies on the
second sale of beer made to W. G. Clayton," testified
to by Clayton.   The information was verified by the
county attorney upon information and belief, and he
testified that he had general notice and information
as to the several sales upon which he elected to rely.
A large number of witnesses had testified to various
sales, and the election clearly appears to have been
based upon the sales so testified to.   The rule requir-
ing an election on the part of the state is to be reason-
ably applied.   We think the election in this case was
sufficiently definite, under the authority of *The State
v. Crimmins*, 31 Kan. 376, and *The State v. Guettler*, 34
id. 582.

Complaint is made of a certain declaration con-
tained in instruction No. 18.   The objection goes
to the statement that, in the absence of any evi-
dence as to knowledge on the part of the county at-
torney concerning the alleged sales, he was presumed

to possess it. Counsel for appellant says that the effect of this language is to destroy the presumption of innocence with which the law shields an accused party ; and that the court, instead of employing the language criticised, should have declared that if there was a reasonable doubt as to such knowledge or notice on the part of the county attorney it would be the duty of the jury to acquit. Such an instruction was asked for and refused. We think the court's instructions as a whole correctly stated the law. In another instruction the court declared clearly the law as to a reasonable doubt, and we do not discover wherein the jury could have been misled. While the instruction asked for might well have been given, we do not feel warranted in holding that its refusal was material error. In several cases the supreme court has used language similar to that employed in this instruction. In *The State v. Lund*, 51 Kan. 1, the court said : "Where an information is verified by the oath of a private person, it will be presumed, in the absence of anything to the contrary, that he had actual knowledge of the facts stated therein." See also *The State v. Brooks*, supra.

As we have said, an examination of all the instructions convinces us that they contained a clear and full statement of the law applicable to the facts in the case. We hold, therefore, that no substantial error was committed by the court in refusing to give those asked for by defendant. (*The State v. Tatlow*, 34 Kan. 80.)

It is claimed that if the testimony established the nuisance charge at all it showed that it was a continuing nuisance, and consequently that it constituted one offense. We observe that the evidence showed many sales of intoxicating liquors, and at various

·dates, in the place described.   We see no reason for holding that the convictions upon both the nuisance counts should not be sustained, especially in view of the facts above stated in regard to the consolidation of the two informations.

Another question presented relates to the constitutionality of section 242, code of criminal procedure (Gen. Stat. 1897, ch. 102, § 251), under which the ·defendant was ordered to give a bond for his good behavior.   Counsel strongly insists that a man can by this means be deprived of his liberty in case poverty renders it impossible to comply with the order of the court, and this although he may have already suffered the penalty imposed upon conviction of a misdemeanor, without even the pretense of a threat on his part to repeat the violation of the law.   No authorities are cited in support of the claim that the section quoted is unconstitutional.  While the supreme court has not directly declared the section to be constitutional, it has certainly sustained the law by approving a similar order in the case of *The State v. Chandler*, 31 Kan. 201, where a clause of the syllabus reads :

" The court before which any person is convicted of a criminal offense has the power, in addition to the sentence prescribed or authorized by law, to require such person to give security to be of good behavior for a term not exceeding two years, or to stand committed· until such security is given."

That this law, by reason of its omission to fix the maximum amount of the bond, might be so employed as to work a great hardship in the supposed case counsel mentions may be true, but we are not here apprised of any reason for considering that phase of the question.   As this law has been on the statute ,books and in force for nearly thirty years, a court

should now ask for the presentation of very clear and convincing reasons for holding it unconstitutional, before being authorized so to hold. This case was submitted some months ago, and from an examination of the record and the decisions of the supreme court of this state the conclusion was promptly reached that none of the assignments of error could be sustained. However, as the principal assignment, which challenged the constitutionality of section 242 of the criminal code, under which security to keep the peace and be of good behavior for the term of two years was required by the trial court, was the single ground of error assigned in several cases from Bourbon county, which were to be submitted at our next sitting in the eastern division, we deemed it advisable to withhold our decision in the present case until those cases should have been argued and submitted. We think the verdict is sustained by the evidence. The judgment of the trial court is affirmed.