The State v. Eldred.

---

## THE STATE OF KANSAS V. WILLIAM ELDRED.

### No. 778.

1. INTOXICATING LIQUORS—*Search and Seizure—Motion to Quash Warrant.* The warrant under which defendant was arrested, and which charged violations of the prohibitory law by sales of intoxicants and by keeping a nuisance, commanded the seizure of articles other than those named in the statute. The defendant gave bond and afterward moved to quash the warrant. *Held*, that the warrant was not void.

2. ———— *Inspection of Liquors by Jury — Waiver of Error.* While it is altogether improper for the state to transform jurors into witnesses by having them smell and taste alleged intoxicants which were seized by the sheriff at the time of defendant's arrest, yet as the defendant did not object to such conduct on the part of the prosecuting attorney and of the jury, *held*, that the error was waived.

3. ———— *Election as to Sales—Instructions.* Where the court in its charge, in referring to the election made by the county attorney as to particular sales, substantially repeated the language of the county attorney in making the elections, but the instructions as a whole are fair, *held*, that reversible error was not committed by the use of said language.

40—8 KAN. APP.

The State v. Eldred.

4. —————— *Common Nuisance — Statutory Definitions.* One count of the information charged that the place kept by the defendant was a common nuisance within each of the three statutory designations of such a nuisance, and the testimony tended to sustain the charge along each of the three particular lines. *Held*, that the count was not bad as charging several offenses. (*The State v. Schweiter*, 27 Kan. 499.)

5. —————— *Evasive Witness — Discretion of Court.* A reviewing court is averse to laying down rules restricting the exercise, by a trial court, of its discretion in respect to a persistently-dodging witness, who, in the opinion of the court, is purposely trying to avoid disclosing facts within his knowledge, and a clear abuse of discretion must appear, to justify unfavorable criticism on the part of a reviewing court in such a case.

6. —————— *Oath of Bailiff —Immaterial Error.* Omission of the words "without food" from the oath as administered by the clerk of the court to the bailiff who was placed in charge of the jury after the cause was submitted, where there was no misconduct on the part of the bailiff or of the jury in respect to any matter which was, or should have been, stated in the oath, and where no exception was taken to the form of the oath until the filing of the motion for a new trial, *held*, not to be material error.

Appeal from McPherson district court; MATTHEW P. SIMPSON, judge.   Opinion filed February 17, 1899. Affirmed.

*P. J. Galle*, county attorney, and *Geo. W. Allison*, for The State.

*Grattan & Grattan*, for appellant.

The opinion of the court was delivered by

MILTON, J. :   The information in this case contained twelve counts, eleven charging unlawful sales of intoxicating liquors, and one the keeping of a nuisance within the meaning of the prohibitory law. Appellant was convicted under the last-named count and under seven of the counts charging unlawful sales. He was sentenced to pay a fine and to be imprisoned under each of the eight counts; the time of impris-

onment aggregating 300 days, and the fines $2600. The assignment of errors contains forty-eight specifications, which are presented under thirteen divisions in appellant's brief. After a very careful reading of the record and the briefs of counsel, we have reached the conclusion that the judgment of the trial court must be affirmed. It is due to the able and diligent counsel for appellant that some of their assignments of error be specifically noticed herein.

The warrant, besides commanding the arrest of the defendant, required the officer to seize "all signs, screens, bars, bottles, glasses, and other property used in the keeping and maintaining said nuisance." The sheriff actually seized the articles described in the warrant and was still in possession thereof at the time of the trial. The arrest of the defendant and the seizure of the property took place on July 17, 1897, and the defendant on the same day entered into a recognizance for his appearance in the district court. Thereafter a motion to quash the warrant was filed, on the ground that it commanded the doing of an unlawful act, that is, the illegal seizure of defendant's property. The motion to quash was overruled. As the warrant was sufficient in all other respects, we think that so far as the arrest of the defendant thereunder is concerned, the words describing the property to be seized may be regarded as surplusage which does not vitiate the whole warrant. Besides, we think the objection, so far as the validity of the arrest was concerned, was made too late.

The jurors were permitted to taste and smell the contents of bottles which had been seized by the sheriff in Eldred's place of business, and which were offered in evidence by the state. While it was clearly improper to transform jurors into witnesses in the

manner stated ( *The State v. Lindgrove*, 1 Kan. App. 51, 41 Pac. 688), yet the transaction cannot be declared reversible error, for the reason that the defendant did not object thereto.

It is claimed that the trial court, in its charge in respect to the particular sales on which the state had elected to rely, assumed the facts in dispute as to such sales. We find there was no dispute that appellant was the proprietor of a place where drinks were sold; where a barkeeper was employed whose instructions were to say to customers that he had nothing but hop tea and cider to sell; where the articles called cider included two or three kinds of brandy, two kinds of wine, and at least one kind of whisky. The hop tea was sometimes sold in bottles, and sometimes pumped from kegs like beer kegs, which were kept in a refrigerator. The only question in the case was as to whether or not the drinks sold by the defendant were beer or other intoxicants. In referring to the election made by the county attorney as to particular sales, the court used language which taken alone would be subject to the criticism made by counsel; but taking the instructions as a whole, and in view of the testimony which was before the jury, we think the defendant was not prejudiced by the language of the court in respect to said sales. The instructions stated plainly and positively that the jury could not convict unless they found that the state had proved beyond a reasonable doubt every essential element of each offense charged.

One count of the information charged that the place kept by the defendant was a common nuisance within each of the three statutory designations of such a nuisance, and testimony was introduced tending to sustain the charge along each of the three particular

The State v. Eldred.

lines. Counsel contend that the count was bad as charging several offenses. We think the contention not well taken and that the case is governed in this respect by the decision in *The State v. Schweiter*, 27 Kan. 499.

It is contended that two of the jurors, Wallene and Norberg, were disqualified ; Wallene for suggesting to Norberg an answer to a question asked by the court on the *voir dire*, and Norberg for employing the answer so suggested. The record shows that Norberg had answered practically the same question in the same way already, and there is nothing indicating that he would not have answered the court's question as he did, in the absence of the suggestion made by Wallene. If the conduct of the latter disqualified him to sit as a juror, the defendant should have peremptorily challenged him after the challenge for cause was overruled. The record shows that the defendant waived his last challenge and thus permitted Wallene to serve as a juror.

Complaint is made of certain remarks addressed by the trial court to two unwilling witnesses who had been called by the state. The testimony of these witnesses does not appear to be very material, and besides we think the court was justified in using such language as would cause the witnesses to testify according to their knowledge. It would be improper for an appellate court to lay down rules restricting the exercise on the part of a trial court of its discretion in respect to a persistently dodging witness, who, in the opinion of the court, is purposely trying to avoid disclosing the facts within his knowledge. A clear abuse of discretion must appear, to justify unfavorable criticism on the part of a reviewing court in such a case.

The proper oath was administered to the bailiff who was placed in charge of the jury after the cause was submitted, except that the words "without food" were omitted by oversight from the oath as administered by the clerk of the court. It appears that there was no misconduct on the part of the bailiff or of the jury in respect to any matter which was, or should have been, stated in the oath. No exception was taken to the form of the oath until the filing of the motion for a new trial. In view of these facts, we think the contention must be overruled.

It is claimed that the sentence is illegal and void. We find that it is in compliance with sections 250 and 251, chapter 102, General Statutes of 1897 (Gen. Stat. 1889, ¶ ¶ 5318, 5310), and that it is supported by the following decisions of the supreme court : *The State v. Chandler*, 31 Kan. 201, 1 Pac. 787, and *The State v. Carlyle*, 33 id. 717, 7 Pac. 623 ; also by the decisions of this court in *The State v. Webb*, 7 Kan. App. 423, 53 Pac. 276, and *The State v. Woodward*, 7 id. 421, 53 Pac. 278.

While counsel for defendant have made a strong presentation of his case, we have not been convinced that reversible error is manifest in the record. The verdict and judgment are sustained by competent evidence, and the verdict will accordingly be affirmed.