SCHOOL DISTRICT NO. 3, TOWNSHIP 45, RANGE
6 EAST, OF ST. LOUIS COUNTY, SCUTTON
et al., Directors, Appellants, v. OELLIEN et al.

Division One, February 26, 1908.

1. **SCHOOL DISTRICT: Condemnation: Necessary Vote.** In a
condemnation proceeding by a school district to acquire additional ground for a schoolhouse site, under a statute (Sec. 9772,
R. S. 1899) providing that "whenever a majority of the qualified voters and taxpayers of any school district, at any annual or
special meeting called for that purpose, shall determine that it
is necessary to have additional grounds," etc., it is necessary
that a majority of the qualified voters and taxpayers of the district, and not simply a majority of those present and voting,
shall vote for the proposition. The words "at any annual or
special meeting called for that purpose" do not qualify the
word "majority," but indicate the time when such meeting may
be held.

2. ———: ———: **Majority of District.** Until a majority of the
qualified voters and taxpayers of a district, and not merely a
majority of those present and voting, authorize the condemnation of land for an additional schoolhouse site, the board
of directors have no legal right to bring condemnation proceedings for that purpose.

3. ———: ———: ———: **Petition: Motion to Make Definite.**
Where it cannot be determined from the petition to condemn
land for an additional schoolhouse site, whether the plaintiff meant that a majority of the qualified voters and taxpayers
of the district, or a majority of those present and voting, had
authorized the proceeding, the defendant's motion to make
more definite and certain should be sustained, and if sustained,
and plaintiff refuses to plead further, the proceeding should
be dismissed.

Appeal from St. Louis County Circuit Court.—*Hon.
Jno. W. McElhinney*, Judge.

AFFIRMED.

*R. H. Stevens* for appellants.

(1) The petition is in the words of the statute, so
far as the allegation complained of is concerned, and is
sufficient. Sec. 9772, R. S. 1899. (2) "A majority of

the qualified voters and taxpayers of any school district, at any annual meeting,'' means a majority of the qualified voters and taxpayers of any school district present and voting at any annual meeting, and not a majority of the qualified voters and taxpayers of the district, as contended for by respondent. Richardson v. McReynolds, 114 Mo. 641; Walker v. Oswoold, 68 Md. 146; Richer v. Comm'rs of Town of Beaufort, 70 N. C. 110; State ex rel. v. St. Joseph, 37 Mo. 270; State v. Binder, 38 Mo. 450; Russié v. Brazzell, 128 Mo. 109; Vance v. Austell, 45 Ark. 400; Peoples v. Wiant, 48 Ill. 263; In re County Seat of Linn County, 15 Kan. 500; Railroad v. Davidson County Court, 33 Tenn. 637. The case of Richardson v. McReynolds, supra, is practically decisive of the point at issue.

*Wm. F. Broadhead* for respondents.

(1) That portion of plaintiffs' petition, referred to in the motion to make more definite and certain, is vague, uncertain, and susceptible of two constructions. It may mean to allege that a majority of the qualified voters and taxpayers were at said annual meeting, and such majority voted in favor of said proposition; but from the language used, and the connection in which it is used, it is by no means certain that it is intended to aver that a majority of the qualified voters and taxpayers of the district determined by their vote that it was necessary to have additional grounds; and we are forced to the conclusion that such was not the intent of the averment, from the labored argument of counsel for appellant; to sustain the proposition that it only requires, under the statute and decisions, a majority of those voting at the meeting. Or that portion of the petition may mean to aver that a majority of the voters and taxpayers, who were at the meeting and voting, determined by their vote that it was necessary

to have additional grounds, and this seems more likely the intent of the averment, because the burden of the argument of counsel was to sustain this proposition, and the language and connection point rather to this intent than to the intent first suggested. But it is manifestly uncertain and not clearly shown, upon the face of the averments, which proposition the pleader meant to assert and rely on. This, the defendants were entitled to know, so as to have the privilege, before their property is taken, to raise such questions of law or fact, upon the pleadings, as might be necessary to protect their interests. Sec. 610, R. S. 1899; MacAdam v. Scudder, 127 Mo. 345. (2) Section 9772, Revised Statutes 1899, under which this proceeding was commenced, requires that only a majority of all the qualified voters and taxpayers of the district have the power to determine whether it is necessary to have additional grounds for school purposes; and this determination may be manifested at the annual meeting or at a special meeting called for that purpose. This section is perfectly plain in its terms. State ex rel. v. Francis, 95 Mo. 50; State ex rel. v. Harris, 96 Mo. 29; Webb v. Lafayette Co., 67 Mo. 353; Ranney v. Bader, 67 Mo. 476; State ex rel. v. Walker, 85 Mo. 41; State ex rel. v. White, 162 Mo. 533. (3) The exercise of the right of eminent domain must be construed with the utmost strictness. State ex rel. v. School Dist., 79 Mo. App. 109.

GRAVES, J.—This action is one brought by a school district in St. Louis county, being joined therein by its board of directors, the purpose of which is to condemn for school purposes a small tract of land adjoining the present schoolhouse site. The petition recites the various steps taken to get an expression of the qualified voters and taxpayers of the district upon the proposition of acquiring this additional land. The proposition was submitted and voted upon at the an-

nual school meeting. The petition then contains the following averment:

"Plaintiffs further state that the clerk of said district posted notices containing said proposition in five public places in said district on the 18th day of March, 1905, being fifteen days before said annual meeting held on April 4, 1905, at the school house in said district, and a majority of the qualified voters and taxpayers of said school district, at said annual meeting, voting by ballot, voted in favor of said proposition and the said proposition was announced by the chairman of said annual meeting as carried."

The petition then concludes with other proper allegations, and no part thereof is challenged except the portion above quoted.

To this petition, the defendants filed a motion to require plaintiffs to make their petition more definite and certain, which motion is thus stated:

"Now come Johanna C. C. Helmring, Lizzie Oellien, John Oellien, Henry Oellien and Fred Oellien, defendants, by their attorney, and move the court to require the plaintiffs to make more definite and certain the following portion of plaintiffs' amended petition, on the second page thereof, and eighth line, to-wit: 'And a majority of the qualified voters and taxpayers of said school district, at said annual meeting, voting by ballot, voted in favor of said proposition (meaning the proposition to acquire additional grounds as necessary for school purposes), and the said proposition was announced by the chairman of said annual meeting as carried,' for the reason that said words and portion of said petition are indefinite and uncertain in meaning, and defendants are unable to know or understand from said clause whether it is intended thereby to aver that a majority of the qualified voters and taxpayers of said district, actually and only voting at said meeting, voted in favor of said proposition, or whether it is in-

tended thereby to aver that the said qualified voters and taxpayers voting at said meeting for said proposition, constituted, and were in fact a majority of all the qualified voters and taxpayers of said school district whether voting or not.''

The foregoing motion was by the trial court sustained and the plaintiffs refusing to plead further, the court dismissed plaintiffs' petition, refused to appoint commissioners and entered judgment for the defendants. After timely but unsuccessful motion for a new trial, plaintiffs in due course of time perfected their appeal. Such is the case for determination here.

This action is bottomed upon the last clause of section 9772, Revised Statutes 1899, which reads:

''And whenever a majority of the qualified voters and taxpayers of any school district, at any annual or special meeting called for that purpose, shall determine that it is necessary to have additional grounds for school purposes, then the board of directors may proceed to condemn and pay for any amount of land adjacent to the schoolhouse site, as provided in this section.''

In fact there is no authority in law for the condemnation of additional land adjoining a schoolhouse site, other than the statute hereinabove set out. The numerous allegations of the petition in question show an attempt, at least, to comply with the statute. The first and vital question to be determined is the meaning of the words ''majority of the qualified voters and taxpayers of any school district,'' in the connection in which it is used. Do these words in this connection mean a majority of all the qualified voters and taxpayers of the district, whether present or absent at the time the vote is taken, or do they mean a mere majority of such qualified voters and taxpayers as are present at the time or meeting where the proposition is voted upon and determined? We think these words in the

connection used mean that the proposition must receive
a majority of all the qualified voters and taxpayers of
the district, and that a mere majority of all those pres-
ent, unless it also be a majority of all the qualified
voters and taxpayers of the district, is insufficient.
It will be noticed that between two commas, the follow-
ing phrase is thrown in, "at any annual or special meet-
ing called for that purpose." If this phrase were left
out there would be no question, for the clause would
then read, "Whenever a majority of the qualified vo-
ters and taxpayers of any school district . . . shall
determine," etc. To our mind the phrase omitted re-
fers to the time and place when and where the fact
whether or not a majority of the qualified voters and
taxpayers of the district are in favor of the proposition
shall be ascertained and that it was not intended to so
modify the word "majority" as first used, so as to
make it mean a mere majority of those present at the
time and place indicated by the omitted phrase. It is
quite clear that the legislative intent was to require
the assent of a majority of all the qualified voters and
taxpayers before the district could be subjected to the
expense and damages resulting from a condemnation
proceeding. By the phrase last above omitted from our
quotation, it was intended to fix a time and place for
procuring this assent, i. e., either at an annual meet-
ing or at a special meeting called for that purpose.

It was not intended by the Legislature that, if there
were only three present out of forty voters and taxpay-
ers, the majority of those present at such meeting
could fix this burden upon the school district. If such
had been the intent it could have been easily and plain-
ly expressed by saying that the result should be deter-
mined by a majority of those present and voting at such
meeting.

The rule of construction is thus stated by SHER-
WOOD, J., in case of State ex rel. Wear v. Francis, 95

Mo. l. c. 51: "The rule established in State v. Winkel-meier (35 Mo. 103), is this: That when, by law, a vote is required or permitted to be taken, and a majority of the legal voters is mentioned in such law as being ne-cessary to carry the proposed measure, such majority must be a majority of all the legal voters entitled to vote at such election, and not a mere majority of those voting thereat. This rule, thus laid down, has since be-come firmly established in the jurisprudence of this State. [State ex rel. v. Sutterfield, 54 Mo. 391; State ex rel. v. Brassfield, 67 Mo. 331; State ex rel. v. Mayor, 73 Mo. 435.]  The case of State v. Binder (38 Mo. 450), is based upon its own peculiar facts, and is not, perhaps, to be regarded as shaking the authority of Winkelmeier's case, or of the other cases cited. And even were it to be so regarded, the well-settled rule laid down in the later cases referred to would still be regarded as better, safer and more sound."

And to the same effect is the opinion of VALLIANT, J., speaking for the Court In Banc, in State ex rel. v. White, 162 Mo. l. c. 539, wherein it is said: "In State ex rel. v. Brassfield, 67 Mo. 331, it was held that the clause of the Constitution (sec. 14, art. 11, 1865) which declared that 'the General Assembly shall not authorize any county, city or town to become a stockholder in . . . any . . . corporation unless two-thirds of the qualified voters of such county, city or town, at a regular or special election to be held therein, assent thereto,' meant all the legal voters in the county, city or town, and not merely all who voted. And it may be said that all the utterances of this court that bear on this question are to the same effect. [State ex rel. v. Mayor, 73 Mo. 437; State ex rel. v. Francis, 95 Mo. 44; State ex rel. v. McGowan, 138 Mo. 187.]"

It will be observed that the constitutional provis-ion under consideration in the Brassfield case, supra, contains the phrase "at a regular or special election to

be held therein,'' which is very similar to the phrase we have under consideration here and it likewise has the same situation in the statute.

We are, therefore, of opinion that the law requires a majority of the qualified voters and taxpayers of the district and not a mere majority of those present and voting. Until such majority is procured the board of directors have no legal right to proceed to bring condemnation proceedings under section 9772, supra.

Nor are we convinced that these views in any way conflict with those of Burgess, J., in Richardson v. McReynolds, 114 Mo. 641. The statute there under consideration was what is now section 9750, Revised Statutes 1899. It is totally different from the section we have under consideration in the present case. Section 9750 reads: ''The qualified voters assembled at the annual meeting, when not otherwise provided, shall have power by a majority of the votes cast:'' Following the above are eleven distinct clauses giving and enumerating the things which can be done by the vote first above mentioned in said section 9750. It will be noticed by a reading of the entire section that there is nothing providing for condemnation proceedings for additional grounds. This subject is only mentioned in section 9772 and must be governed by that section and not by section 9750.

II. Having reached the conclusion as above indicated as to the law, the next question is, does this petition upon its face appear to be indefinite and uncertain, and was the trial court right in holding it to be indefinite and uncertain upon the motion which it sustained? Counsel for appellant urges throughout his brief that it only required a majority of those present and voting to give authority to the board of directors to proceed with the condemnation proceedings. In so doing he practically concedes the correctness of the trial court's action, if this contention as to the law is

untenable.      His contention is untenable as we have held.    A reading of the portion of the petition which we have quoted, shows that it is uncertain as to whether the pleader meant a majority of the qualified voters and taxpayers of the whole district or a majority of such as voted at the election.    If he meant the latter, then defendants could have successfully interposed a demurrer.    If he meant the former defendants would be forced to answer.    They were entitled to know from the petition what pleading they must file.    The purpose of defendants was no doubt to force this situation and they were entitled to it.    The trial court was of the opinion that the petition was not sufficiently definite and certain upon the question raised by the motion, and in this opinion we concur.    For these reasons, the judgment is affirmed.

All concur.